## WAGENER v. BOOKER.

### WATKINS v. SAME.

1. Is the filing of *copies* of the affidavits upon which an attachment issued, within ten days thereafter, a compliance with the law requiring *the affidavits* to be filed within that time?
2. An attachment based upon an undertaking not signed by the plaintiff is issued without authority of law, and will be set aside on motion. This is a jurisdictional defect which cannot be cured by subsequent amendment.
3. A motion to amend requires four days' notice.

Before NORTON, J., Abbeville, March, 1889.

These were motions made on Circuit by the defendant, E. H. Booker, to dissolve attachments issued against him by F. W. Wagener & Co. in one case, and by Watkins & Davenport in another. Upon the points decided by this court, the opinion fully states the case.

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Parker & McGowan,* contra.

July 20, 1889.  The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON.  This appeal is before us from
orders of his honor, Judge Norton, refusing to vacate and dissolve
certain attachments issued by the clerk of the court in the cases
above.  It appears that the original affidavits upon which the
attachments were issued were not filed in the clerk's office within
the ten days required by the act, though it seems that copies had
been filed.  It also appears that the undertaking furnished by
the attaching creditor in each of the cases had been executed by
a third party alone—we suppose a surety—the plaintiffs in each
of the cases having failed to sign, either in person or by agent.
The defendant contends that these were fatal defects, and that
on account thereof the attachments should have been dissolved.
He further contends that said attachments were both irregularly
and improvidently issued.  The Circuit Judge held the filing of
copies of the affidavits sufficient, and allowed the undertakings to
be amended, upon one day's notice of a motion to that end.  He
also held that the warrants were not obnoxious to the charge of
being either irregularly or improvidently issued.  The appeal
alleges error to these rulings, and also error in some other parti-
culars not necessary to be mentioned here. .

Attachments are expeditious and summary remedies intended
to protect creditors under sudden emergencies endangering their
claims.  They are, however, statutory, and, like most statutory
remedies, must be pursued according to the express terms and
provisions of the act allowing them.  Now, our attachment act
expressly provides : 1st. That the affidavits upon which the at-
tachment is granted shall be filed in the office of the clerk of the
court of the county within ten days from the issuing thereof, and
although no penalty is prescribed in the act for a failure in this
respect, yet the 69th rule of the Circuit Court provides that such
failure will authorize the defendant to move the court to vacate
the proceeding for irregularity, with costs ; and section 251 of
the Code further provides, that before issuing the warrant, the

judge, clerk, or trial justice shall require a written undertaking on the part of *the plaintiffs with sufficient surety* to the effect that if the defendant shall recover, &c., &c., &c. It is admitted that neither of these requirements was complied with.

Such being the fact, under rule 69 of Circuit Court above, certainly the defendant had the right to move for a dissolution, because of this irregularity in not filing the affidavits. But it is said that while the original affidavits were not filed, copies were, and this was a substantial compliance with the act. Admitting this to be so—about which, however, there is room for a difference of opinion—can that save the attachments in face of the defects in the undertakings? We think not.

Under the act the undertaking must be filed *before* the warrant is issued. It precedes the warrant, and is the foundation for its issue. It is therefore jurisdictional, and in its absence the warrant is illegal and void; and being so, it is incapable of amendment. The question below before his honor was, whether the attachments had been legally issued at the time of their issuance; whether the clerk then had jurisdiction. That he did not have seems to have been admitted, and the effort of the plaintiffs was to cure this defect, which they attempted upon one day's notice, by moving to amend the undertakings. No doubt, amendments may be had in many particulars in cases over which the court or other authority has already obtained jurisdiction; but we know of no principle allowing amendments so as to give jurisdiction reaching back, and legalizing acts, done without jurisdiction, and which when done, being *ultra vires*, are absolutely void. Here the attachments, in the absence of a legal undertaking, had nothing to stand upon. They were attacked by the motion of the defendant while in that condition; and we do not know by what authority the Circuit Judge could relieve them from the consequences of that attack, by allowing them to do a jurisdictional act *nunc pro tunc*.

We think the defendant was entitled to four days' notice of the motion of the plaintiffs to amend. That, however, is not at all important under the view which we have taken of the case. The undertaking was fatally defective, because it was not executed by the plaintiffs with surety, as required by the act, and

this defect we think demanded a dissolution of the attachments. It is not necessary to discuss the other questions raised, to wit, as to the irregularity or improvidence of their issue. These questions are really not involved, as the jurisdiction question meets us at the threshold, and demands a reversal of the judgment below before the said questions are reached.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the attachments mentioned be dissolved on the grounds stated herein.

MR. JUSTICE McIVER concurred.

MR. JUSTICE McGOWAN. I concur in the result, upon the authority of "The Exchange Bank of Augusta *v.* Stelling," *ante* 373.