## KETCHIN v. LANDECKER.

1. Where the affidavits upon which a warrant of attachment is based are not filed in the clerk's office within ten days after the warrant was issued, as required by law and the rules of court, the defendant is entitled, on motion, to have the attachment vacated. Service of copies on the defendant 'within the ten days does not satisfy this requirement of the law.

2. *It seems* that where the amount of defendant's indebtedness is stated by plaintiff in his affidavit to be "about $325, according to his best information and belief," the amount of the claim and the sources of information and belief are not sufficiently set forth to sustain a warrant of attachment.

3. Attention called to the importance of affixing dates to all papers in the "Case."

Before PRESSLEY, J., Fairfield, October, 1889.

Action by Thomas H. Ketchin against Philip Landecker and Adolph Landecker, as agents, principals unknown, commenced October 11, 1889, and warrant of attachment issued and served same day. The opinion states the case.

*Messrs. Ragsdale & Ragsdale*, for appellants.

*Messrs. McDonald & Douglass*, contra.

February 26, 1890. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The defendant made a motion in the Circuit Court to vacate an attachment sued out by plaintiff in this case, upon three grounds : 1st. Because the affidavits upon which the warrant of attachment was obtained did not state specifically the amount claimed to be due by the defendants to the plaintiff. 2nd. Because the affidavits, upon which the warrant of attachment was obtained, were not filed in the clerk's office within ten days after the warrant was issued. 3rd. Because the warrant was improvidently issued. The Circuit Judge, without adverting to the third ground, or, so far as appears, considering it at all, held : 1st. That the service of copies of the affidavits, upon which the attachments were obtained on the defendants, was a sufficient compliance with the spirit of the law requiring the affidavits to be filed within ten days. 2nd. That the statement of the amount due is sufficiently set forth in the affidavit. And he dismissed the motion. Defendants appeal, imputing error in each of these rulings, and also in not holding that the attachment was improvidently granted.

It appears that the warrant of attachment was issued on the 14th of October, 1889, and on the same day levied on defendants' stock of goods, and it is stated in the "Case," that copies of the affidavits upon which the warrant was granted were served on defendants, though it is *not* stated *when* they were so served, whether before or after the expiration of the ten days. But the

copies served differed from the original in two particulars, at least one of which was material; for while in the original the statement is "that the said defendants are now due to deponent the sum of about three hundred and twenty-four dollars as rent for the said store-house; no part of which has been paid;" in the copies it is, "that the said defendants are now due to the deponent the sum of about three hundred and twenty-five dollars, according to his best information and belief, as rent for the said store-house, no part of which has been paid." It is very possible that the difference in the amount, $324 in the original, and $325 in the copies, may arise from a misprint, as that difference was not alluded to in the argument; but we have stated it precisely as it appears in the "Case." It also appears that neither the original nor copies were filed until the 28th of October, 1889, only two days before the motion was heard—no doubt, therefore, after the notice of the motion was served; but owing to that singular disregard of the importance of dating their papers, to which the attention of the Bar has so often been called, that fact does not distinctly appear, and will not therefore be allowed any weight in reaching the conclusion to which we have arrived.

We propose first to consider the question whether the failure to file the affidavits upon which the warrant of attachment was obtained in the clerk's office within ten days after the warrant was issued, entitled defendants to an order vacating the attachment. Section 250 expressly requires this to be done, and the 69th rule of the Circuit Court provides that if this is not done, the defendant may move to vacate the attachment, characterizing it as a "*penalty.*" In view of this positive requirement of the Code, followed up by the rule of court, adopted for the purpose of carrying it into effect by the convention of judges, who are required by section 450 of the Code to adopt such rules, "not inconsistent with this Code of Procedure, as may be necessary to carry it fully into effect," we do not see by what authority a single judge, or even this court, could undertake to dispense with such positive requirements. As has been said in several cases, both before and since the adoption of the Code, the remedy by attachment is a summary proceeding, whereby a person may be dispossessed of his property, and deprived of that dominion and control

over it which is incident to ownership, before the justice of the claim upon which the proceeding is founded has been adjudicated, and hence the rule is well settled, that he who seeks to avail himself of such a remedy must be careful to comply strictly with all the conditions upon which it is allowed. *Myers* v. *Lewis*, 1 McMull., 54; *Wando Phosphate Co.* v. *Rosenberg*, 31 S. C., 301; *Bank* v. *Stelling, Ibid.*, 360, besides many other cases.

It is urged, however, that the service of copies of the affidavits upon the defendants was a sufficient compliance with the requirements of the law, as the only object of the requirement was to give notice to the person whose property is attached of the grounds upon which it has been done. Passing by the fact that in this case the copies served were not correct copies (for if the service of copies could be regarded as a substitute for the filing of the originals, the copies most certainly should be correct copies), we are by no means prepared to admit that the object of the requirement of the statute was simply to give notice to the defendant; for certainly if the property of a citizen is summarily taken from his possession, under a legal proceeding based upon a false affidavit, he ought to be allowed every facility for prosecuting the maker of such affidavit for perjury; and this, for all that we know, may have been the reason for the requirement that the original affidavits should be filed in a public office, to which all persons might at all times have ready access. But be this as it may, it is quite sufficient for us to know that the law making power has required the filing of the original affidavits; for, in the language of O'Neall, J., in *Myers* v. *Lewis, supra:* "We have no right to do more than to say, *Ita lex scripta est.*" While this precise question has never heretofore been brought before this court, yet in the case of *Wagener* v. *Booker*, 31 S. C., 375, it was spoken of, and it was there plainly intimated that a failure to comply strictly with this requirement of the statute would be fatal, even where copies, but not the originals, had been filed in due time. Here, however, neither the copies nor the originals were filed within the prescribed time, and this was clearly fatal.

As this view is decisive of the case, it is scarcely necessary to consider the other grounds of appeal. We are, however, inclined to think that there was error in holding that the amount of the

claim was sufficiently set forth in the affidavit. The Code provides that an attachment may be obtained upon an affidavit, amongst other things, "specifying the amount of the claim and the grounds thereof." In the original affidavit the statement is, that defendants were indebted to plaintiff "in the sum of *about* three hundred and twenty-four dollars," while in the copies served upon the defendants, which they had a right to assume were correct copies, and upon which alone they could proceed in making their motion to vacate, the statement is that defendants were indebted to plaintiff in "the sum of *about* three hundred and twenty five dollars, *according to his best information and belief.*" Inasmuch as a plaintiff is to be presumed to know the amount of a claim which he is seeking to enforce by so stringent a proceeding as that of attachment, and inasmuch as the statute requires him to *specify* in his affidavit the amount of his claim, it may well be doubted whether a statement that the amount is *about* so much, would be sufficient; but when to this is added that the claim is about so much "according to his best information and belief," it would seem to be clearly insufficient; for the rule is well settled that where any of the material facts in an affidavit, made for the purpose of obtaining an attachment, are based upon information and belief, it will not be sufficient, unless the sources of information and grounds of belief are also stated.

The only remaining ground—that the attachment was improvidently issued—does not appear to have been considered by the Circuit Judge; though, as he refused the motion to vacate, he must have concluded that this ground was not sustained, and hence, if it were necessary, we suppose we might consider it. But as it is not necessary, and as a discussion of a mere question of fact would not be likely to throw any light upon any succeeding case, we need not enter into any such discussion.

The judgment of this court is, that the orders appealed from be reversed.