GUCKENHEIMER v. DRYFUS.

BENHEIM v. SAME.

1.    ATTACHMENT BOND—PARTNERS—EXECUTION.—An attachment is improperly issued and will be set aside on defendant's motion, where the attachment bond, professing to be executed by the plaintiffs, as partners, in the partnership name, is signed only by one of the partners and by a surety.

Before IZLAR, J., Barnwell, February, 1894.

Motions by defendants to vacate attachments in the case of Simon Guckenheimer, Abe S. Guckenheimer, and Moses Guckenheimer, partners, as S. Guckenheimer & Sons, against Benjamin H. Dryfus and J. M. Rich, partners, as Dryfus & Rich, and I. Rich, and in the case of Adolph D. Benheim, Meyer Benheim, and Henry Benheim, partners, as Benheim Bros. & Co., commenced in September, 1893.

*Messrs. S. G. Mayfield* and *Patterson & Holman,* for appellants.

*Mr. L. T. Izlar*, contra.

April 1, 1895.   The opinion of the court was delivered by

MR. JUSTICE POPE.   These two separate actions, involving identical issues, have, by the consent of all the parties in each cause, been heard here together.   It is admitted that S. Guckenheimer & Sons are a firm, located and doing business as merchants in the city of Savannah, in the State of Georgia, while Benheim Bros. & Co. are a firm, located and doing business as merchants in the city of New York, in the State of New York.   The defendants, Dryfus & Rich, are a firm, located and doing business as merchants in the city of Savannah, in the State of Georgia.   The defendant, I. Rich, is a merchant, located and doing business as such in the town of Denmark, in the county of Barnwell, in the State of South Carolina.

The plaintiffs, in each action, holding large claims for goods sold to the defendants, Dryfus & Rich, ascertained that this last named firm was insolvent, and believing that such last named firm, in view of such insolvency, and within a few weeks of the date at which the insolvency of Dryfus & Rich was known, had shipped some of their firm property from the city of Savannah to the defendant, I. Rich, who was a brother of J. M. Rich, of the firm of Dryfus & Rich, in the said town of Denmark, in the State of South Carolina, to be held by said I. Rich as the property of the firm of Dryfus & Rich, commenced an action respectively against the defendants, Dryfus & Rich and I. Rich, in the Court of Common Pleas of Barnwell County, State of South Carolina, wherein they alleged the foregoing facts and demanded judgment against the defendants, Dryfus & Rich, for the amount due and owing the plaintiffs, and for an attachment of the goods of Dryfus & Rich in the possession of I. Rich, which they alleged were worth about one thousand dollars.   These actions were by summons and complaint, and were begun on the 23d day of September, 1893.   On the same day the plaintiffs applied to W. Gilmore Simms, Esq., as clerk of the Court of Common Pleas for Barnwell County, in the State of South Carolina, for.

a warrant of attachment. Mr. Sims, as said clerk, granted the writ on the same day. Under this writ of attachment the sheriff of Barnwell County, I. W. Lancaster, Esq., seized the personal property that had been shipped by Dryfus & Rich to I. Rich, and now holds the same. On the 28th day of September, 1893, W. Gilmore Simms, Esq., as said clerk, granted an order to serve the defendants, Dryfus & Rich, with the summons in each case by publication thereof in a newspaper published in Barnwell County once a week for six successive weeks, and that copies of the summons and complaint be sent by mail, postage paid, to said Dryfus & Rich, at Savannah, in the State of Georgia. Thereafter the defendants, Dryfus & Rich, made an appearance in each of said actions, and made answer thereto on the merits.

At the fall term, 1893, of the Court of Common Pleas for Barnwell County, in this State, defendants made a motion in each case in such court to dissolve the writ of attachment on three grounds: first, because the court had no jurisdiction to issue such writs of attachment; second, because the bond to obtain the warrant was and is insufficient; and third, because the affidavits are defective, and do not make out a case to support the granting of said writs of attachment. This motion came on to be heard before his honor, Judge Izlar, who, in a short order dated 7th February, 1894, refused the motion on each of the grounds upon which the motion was based.

From this order of Judge Izlar the defendants in each case now appeal on three grounds, to wit: 1. Because his honor erred in not dissolving the attachment issued by the clerk herein, upon the grounds that the court had no jurisdiction over the parties or the subject of the action in which the said attachment was granted. 2. Because his honor erred in not dissolving the attachment upon the ground that no undertaking had been given by the plaintiffs, as required by the attachment laws of this State, the same only being signed by one of the plaintiffs in the action. 3. Because his honor erred in not dissolving the attachment for that the affidavits upon which the same were obtained are insufficient and defective in form

and substance, and would not authorize the granting of an attachment by the said clerk.

It seems to us that if no undertaking, as required by the attachment laws of this State, was executed by the plaintiffs in each case prior to the issuance by the clerk of the writs of attachment, that it was a fundamental defect in each proceeding, which when made manifest to the Circuit Judge would require an order vacating such writs of attachment. The language of our Code of Civil Procedure is as follows: "Section 251. Before issuing the warrant, the judge, clerk or trial justice shall require a written undertaking on the part of the plaintiff, with sufficient surety, to the effect that if the defendant recover judgment, *or the attachment be set aside by order of the court* (italics ours), the plaintiff will pay all costs that may be awarded to the defendant and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking, which shall be at least two hundred and fifty dollars, except in a case of a warrant issued by a trial justice, when it shall be at least twenty-five dollars."

Now in the case at bar the following undertaking was executed:

"The State of South Carolina, county of Barnwell, Court of Common Pleas. Know all men by these presents, that in pursuance of the directions of the fourth clause of the act of the legislature of this State, passed the 24th day of September, A. D. 1868, entitled an 'act to regulate attachments,' we, S. Guckenheimer & Sons, by their agent, S. S. Freedlein and Ansley D. Cohen, held and firmly bound unto Bejamin H. Dryfus and J. M. Rich, as copartners under the firm name of Dryfus & Rich and I. Rich, in the full and just sum of five hundred dollars, to be paid, &c. Whereas, S. Guckenheimer, Abe Guckenheimer, and Moses Guckenheimer, as copartners under the firm name of Guckenheimer & Sons, [are] about to issue and sue out of the Court of Common Pleas for the county of Barnwell aforesaid, a warrant of attachment, &c. And whereas, under and by virtue of the clause aforesaid to the act of the legislature above mentioned, it is directed and prescribed that before issuing the warrant, the judge, justice of the peace or clerk shall require a written undertaking on the part of the

plaintiff, with sufficient surety, &c. (Signed) S. Guckenheimer (L. S.), by S. S. Freedlein; Ansley D. Cohen (L. S.), by Henry Bendlein."[1]

Thus it is manifest that although it is recited in this undertaking that S. Guckenheimer & Sons are the plaintiffs in the one action and [in a like undertaking in the other action that] Benheim Bros. & Co. are the plaintiffs in the other action, in each of which writs of attachment are sought to be issued, and although it is stipulated therein that S. Freedlein in the one instance and Bendlein in the other, are the attorneys in fact authorized by such *firms* to sign the *firm names* to such undertakings, yet the name of *S. Guckenheimer* in the one case and *Adolph D. Benheim* in the other, is signed as the maker or obligor to said undertaking by S. Freedlein in the one case and H. Bendlein in the other. Now this court had held that the undertaking must be signed by the plaintiff or plaintiffs, as the case may be, before the writ is issued, or the attachment will be set aside. *Bank* v. *Stelling*, 31 S. C., 360; *Wagener* v. *Booker*, *Ibid.*, 375. Mr. Justice McIver rendered, as the organ of this court, judgment in the first case cited, in a most carefully prepared opinion. This judgment was subsequently affirmed in the case of *Wagener* v. *Brooker, supra*. Since that time the view of this statutory requirement has been repeatedly acted on. Such being the decisions of this court, it was error in the Circuit Judge to refuse to vacate these attachments. Having reached this conclusion, we deem it unnecessary to discuss the other points raised.

It is the judgment of this court, that the order appealed from in each of the cases here considered be reversed, and that each of the causes be remanded to the Circuit Court, with direction to such court to issue an order in each of these actions, vacating the writs of attachment.

---

[1] The condition omitted from this statement by Mr. Justice Pope was in the usual form in such cases.—REPORTER.