## HAMPTON BROS. v. BOGAN.

ATTACHMENT—PARTNERSHIP.—If from the recitals in and the indorsement on an attachment bond given by a partnership, but not executed in firm name, and from circumstances surrounding its execution and filing, the intention of the parties to execute a bond binding the partnership can be gathered, it will be so held.

Before TOWNSEND, J., Spartanburg, December, 1898.
Reversed.

Motion to dissolve an attachment in Hampton Bros. *v.*
Matilda Bogan. From order dissolving attachment, plain-
tiffs appeal. The following is the bond in question:

State of South Carolina, County of Spartanburg, Court of
Common Pleas. Know all men by these presents: That in
pursuance of the acts of the General Assembly of this State,
regulating attachments, we, John W. Hampton, Gray B.
Hampton, and B. R. Pollard, are held and firmly bound unto
Matilda Bogan in the full and just sum of $250, to be paid
unto said Matilda Bogan, her certain attorneys, executors,
administrators or assigns. To which payment well and
truly to be made and done, we bind ourselves, our heirs, ex-
ecutors, administrators, jointly and severally, firmly by these
presents. Sealed with our seals, and dated the          day
of January, in the year of our Lord 1898, and in the
year of American independence. Whereas, John W.
Hampton and Gray B. Hampton are about to issue and sue
out of the Court of Common Pleas, for the county aforesaid,
a warrant of attachment, to attach all real estate of the said
Matilda Bogan, and all her personal estate, including money
and bank notes, except such real and personal estate as are
exempt from attachment, levy and sale by the Constitution.
And whereas, under and by virtue of the provision of law in
relation thereto, it is directed and prescribed that before issu-
ing the warrant, the judge, trial justice or clerk shall require
a written undertaking on the part of the plaintiff, with suffi-
cient surety, to the effect that if the defendant recover judg-
ment, or the attachment be set aside by order of the Court,
the plaintiff will pay all costs that may be awarded to the
defendant, and all damages which he may sustain by reason
of the attachment, not exceeding the sum specified in the
undertaking, which shall be at least          dollars. Now,.
therefore, the condition of the above obligation is such, that
if the said defendant recover judgment in the said case, or

the attachment be set aside by order of the Court, and the said John W. Hampton, Gray B. Hampton and B. R. Pollard shall pay, or cause to be paid, to the said Matilda Bogan, her certain attorneys, executors, administrators or assigns, all costs that may be awarded to the said defendant, and all damages which the said defendant may sustain by reason of the attachment about to be issued as aforesaid, then the above obligation to be null and of none effect, or else to remain in full force and virtue. Signed, sealed and delivered in the presence of T. R. Trimmier, A. A. Foster. J. W. Hampton, Gray B. Hampton, B. R. Pollard. [L. s.]

*Mr. R. K. Carson,* for appellant, cites: 31 S. C., 369.

*Messrs. Nichols & Jones, contra,* cite: 31 S. C., 369; 43 S. C., 341; 9 Rich. Eq., 149, 252.

July 20, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order of his Honor, Judge Townsend, dissolving an attachment issued in the above stated case. The motion to dissolve was based upon two grounds: 1st, that "the bond is defective because not signed by the plaintiff;" and 2d, on the ground "that the defendant was not a non-resident, and is a resident of this State." The motion was granted upon the first ground; and for that reason he deemed it unnecessary to consider or determine the question presented by the second ground. The record before us shows that the action, in which the attachment was issued, was brought by the plaintiffs, John W. Hampton and Gray B. Hampton, as copartners in trade, trading under the name and style of Hampton Bros., against the defendant, on account for goods sold and delivered by the plaintiffs to the defendant. The undertaking was in the form of a bond, under seal, a copy of which is set out in the "Case," and should be incorporated in the report of this case. This bond is in the usual form of such an instrument, but it contains the following recitals:

"Whereas, John W. Hampton and Gray B. Hampton are about to issue and sue out of the Court of Common Pleas, for the county aforesaid, a warrant of attachment to attach all the real estate of the said Matilda Bogan, and all her personal estate. * * * And whereas, under and by virtue of the provisions of law in relation thereto, it is directed and prescribed, that, before issuing the warrant, the judge, trial justice or clerk shall require a written undertaking on the part of the plaintiff, with sufficient surety, to the effect, &c. Now, therefore, the condition of the above obligation is such, that if the said defendant recover judgment in the said case, or the attachment be set aside by order of the Court, and the said John W. Hampton, Gray B. Hampton, and B. R. Pollard shall pay, or cause to be paid, to the said Matilda Bogan," &c. This bond was duly probated, and the surety, B. R. Pollard, justified and the bond was approved by the clerk and filed 19th of January, 1898, and the bond is indorsed, in the handwriting of plaintiffs' attorney: "Hampton Bros, plaintiffs, *v.* Matilda Bogan, defendant."

There can be no doubt that, under the cases of *Bank* v. *Stelling,* 31 S. C., 360, and *Wagener* v. *Booker,* 31 S. C., 375, the undertaking, required as a condition precedent to the issuance of a warrant of attachment, must be executed by the plaintiff in person, or by some duly authorized agent. And in the comparatively recent case of *Grollman* v. *Lipsitz,* 43 S. C., 329, the Court has determined how such an undertaking may be executed in a case where the action is brought by a partnership. In that case Mr. Justice Gary, as the organ of the Court, after first determining that such an undertaking does not require a seal, at pp. 341-2, thus lays down the rule as to how such a paper may be executed by a partnership: "There are two ways in which a partnership may bind itself by its signature to a contract not requiring a seal: 1st, by simply the name of the partnership, as 'Waterhouse and Danner;' and 2d, by the signatures of the individual members composing the partnership, provided it appears in the instrument of writing that the intention is to bind the part-

nership." In this case it is apparent that all the persons composing the partnership of Hampton Bros. have executed the required "undertaking, and it may, therefore, be regarded as an undertaking on the part of the plaintiffs," especially when it appears from the recitals above copied that such was their purpose and intent; for such recitals evidently show that it was their purpose and intent to execute such an undertaking as is "directed and prescribed" by the statute. Besides, this undertaking was indorsed in the name of the case—Hampton Bros. *v*. Matilda Bogan—and filed with the other papers as a part of the record. The officer who issued the warrant of attachment manifestly regarded it as an undertaking on the part of the plaintiffs; and as it was executed by all the parties who had a right to act for the partnership, and as it could not properly be signed in the partnership name, the paper being under seal, it seems to us that such officer had a right so to regard it; especially when the recitals in the paper itself showed that such was the intent of those who executed it.

The judgment of this Court is, that the judgment or order of the Circuit Court be reversed, and that the case be remanded to that Court for the determination of the other question presented by the motion to dissolve the attachment left undetermined by the Circuit Judge.