## 10071

### SUMMERTON LIVE STOCK CO. v. EARLY.

#### (96 S. E. 518.)

ATTACHMENT — UNDERTAKINGS — SIGNING BY PLAINTIFF. — The written undertaking required by the statute in attachment is insufficient when not signed by the plaintiff, but only by another party as surety before issuance of warrant.

Before SEASE, J., Clarendon, —— term, ——.     Reversed.

Action by the Summerton Live Stock Company against M. M. Early. From an order refusing a motion to set aside an attachment, defendant appeals.

*Mr. Marion W. Seabrook,* for appellant, submits: *That the written undertaking required by statute in attachment is insufficient when not signed by the plaintiff, but only by another person as surety before issuance of warrant:* Code of Procedure (1912), sec. 282; 31 S. C. 360; 9 S. E. 1028; 55 S. C. 547; 33 S. E. 581; 31 S. C. 375. *As to the claim of respondent to have jurisdiction of the appellant by reason of serving the papers on one T. L. McLean, alleging him to have been an agent of the appellant:* Code of Procedure (1912), sec. 300; 95 U. S. 714; 24 L. Ed. 565; 173 U. S. 193; 19 S. Ct., 43 L. Ed. 665; 110 U. S. 151; 149 U. S. 194; 119 U. S. 185; 19 Wall., 58 L. Ed. 70; 10 Wall. 308; 32 Enc. 466; Code of Procedure (1912), sec. 184.

*Mr. J. J. Cantey,* for respondent, cites: *As to the service of the papers:* Code of Procedure (1912), sec. 184; 24 S. C. 507. *As to plaintiff signing the undertaking after issuance of warrant:* 50 S. C. 192; Code of Civil Procedure, sec. 224; 73 S. C. 422; 103 S. C. 183; 5 Mont. 549; 10 Abb. N. Y. 424; 24 Okla. 295; 6 Utah 139; 5 Dillon 188; 63 Mich. 105.

August 15, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order refusing a motion to set aside an attachment, on the ground that the written undertaking required by the statute was not signed by the plaintiff, but only by another party as surety, before the warrant was issued.

There were no facts showing that the principle announced in the following cases is not applicable to the cause under consideration: *Bank v. Stelling*, 31 S. C. 360, 9 S. E. 1028; *Wagener v. Booker*, 31 S. C. 375, 9 S. E. 1055; *Booker v. Smith*, 38 S. C. 228, 16 S. E. 774; *Hampton v. Bogan*, 55 S. C. 547, 33 S. E. 581.

Reversed.