13078

McDANIEL *ET AL.* v. PATTERSON

(157 S. E., 72)

September, 1930.

*Messrs. Richey & Richey,* for appellant,

*Mr. O. L. Long,* for respondent,

February 26, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

In this case, the motion of the defendant to vacate and set aside a warrant of attachment, issued by Magistrate C. W. McCravey, of Laurens County, at the instance of the plaintiffs, against certain personal property of the defendant, was refused by the Magistrate. On appeal to the Court of Common Pleas of Laurens County, the action of the Magistrate was affirmed by an order of his Honor, Circuit Judge Mauldin, and the defendant has appealed from that order to this Court.

One of the grounds upon which the motion to vacate was founded was the failure of the plaintiffs to give sufficient surety or security, in accordance with the law, before the warrant of attachment was issued, and, under the view we take of the case, it is only necessary to consider that question.

The plaintiffs did not give or file with the Magistrate a written undertaking before the attachment was issued, as provided in Section 503, Volume I, Code of 1922. With the consent of the Magistrate, they attempted in a way to comply with the provisions of Section 303 of that volume of the Code, which, in lieu of the undertaking required by Section 503 in attachment proceedings, permits the deposit of a sum

of money equal in amount to the required undertaking. The deposit of the plaintiffs was made by a check, which the Magistrate accepted; after the attachment was issued and served and the motion to vacate the same had been heard, the Magistrate proceeded to collect from the bank the amount of the check and deposited that amount with the Clerk of Court of Laurens County.

The question for determination is this: Could the attachment be issued and served upon the deposit of the check of the plaintiffs when the statute (Section 503) requires a written undertaking with surety, or the deposit of "lawful money of the United States of America, equal in amount to the  *  *  *  undertaking so required" (Section 303)?

In lieu of the written undertaking, the statute (Section 303) does not provide that a check may be given. It expressly says that the deposit in lieu of the undertaking must be "a sum of money, in lawful money of the United States of America." "The prevailing conception of lawful money of the United States is money in circulation by sanction of the laws of the United States." 36 C. J., 968. A bank check does not come within the usual definition of the term "lawful money of the United States of America."

Said Mr. Justice McIver, speaking for this Court, in *Ketchin v. Landecker*, 32 S. C., 155; 10 S. E., 936: "As has been said in several cases, both before and since the adoption of the Code, the remedy of attachment is a summary proceeding whereby a person may be dispossessed of his property, and deprived of that dominion and control over it which is incident to ownership, before the justice of the claim upon which the proceeding is founded has been adjudicated; and hence the rule is well settled that he who seeks to avail himself of such a remedy must be careful to comply strictly with all the conditions upon which it is allowed. *Myers v. Lewis*, 1 McMul., 54; *Wando Phosphate Co. v. Rosenberg*, 31 S. C., 301; 9 S. E., 969; [*Commercial*]

*Bank v. Stelling,* 31 S. C., 360; 9 S. E., 1028; besides many other cases."

Mr. Justice Pope said in *Guckenheimer v. Dryfus,* 43 S. C., 443; 21 S. E., 331, 332: "It seems to us that if no undertaking, as required by the attachment laws of this State, was executed, prior to the issuance by the clerk of the writs of attachment, by the plaintiffs in each case, it was a fundamental defect in each proceeding, which, when made manifest to the Circuit Judge, would require an order vacating such writs of attachment."

Chief Justice McIver also said for this Court: "There can be no doubt that, under the cases of [*Commercial*] *Bank v. Stelling,* 31 S. C., 360, 9 S. E., 1028, and *Wagener v. Booker,* 31 S. C., 375, 9 S. E., 1055, the undertaking, required as a condition precedent to the issuance of a warrant of attachment, must be executed by the plaintiff in person, or by some duly-authorized agent." *Hampton v. Bogan,* 55 S. C., 547, 33 S. E., 581, 583.

The fact that the magistrate later collected the amount of the check deposited with him by the plaintiffs did not cure his failure to require a cash deposit or the statutory undertaking prior to the issuance of the attachment, for it has been decided by this Court that "an attachmen based upon an undertaking not signed by the plaintiff is issued without authority of law, and will be set aside on motion. This is a jurisdictional defect which cannot be cured by subsequent amendment." (Syllabus) *Wagener v. Booker, supra.*

The language of Section 303, enacted first in 1897, as to the character of the deposit, we regard as being mandatory. One of the purposes of this statute was to relieve a plaintiff in attachment proceedings of the absolute requirement to enter into written undertaking with proper surety, theretofore required by the law, now Section 503. But the plaintiff can only be relieved of that necessary

condition precedent by complying strictly with the terms of Section 303. The plaintiff in attachment now has one of two choices, either to give the required written undertaking, or to deposit the required sum of money. He is not given the choice of depositing a check for money in lieu of the undertaking.

In this case, the check accepted by the magistrate turned out to be good, and it may be argued in support of the lower Court's order that the defendant here suffered no harm. This Court, however, is bound by the statutory language, and must look not to one case alone, but to many cases that may arise in the future. Bank checks are not always collectible. In the harsh remedy of attachment, used generally to assist a plaintiff in the collection of his alleged claim before the merit of that claim has been established, the Courts must protect the rights of defendants as to the possession and control of their property. The written undertaking or cash deposit, required by the law, is for the protection of defendants in attachment proceedings. The Legislature knew that bank checks might often be poor protection. The Courts should not attempt to substitute them in place of the protection the Legislature has thought necessary.

The judgment of this Court is that the order of the Circuit Court, affirming the order of the magistrate, be, and the same is hereby, reversed, and the attachment is set aside.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.