## WHALEY v. LAWTON.

1. PLEADINGS—MALICIOUS PROSECUTION.—COMPLAINT for damages for malicious prosecution must allege that the prosecution has been legally terminated. Dismissing a prosecution by a prosecuting officer or grand jury is not a legal termination of a prosecution.

2. CHARLESTON—MAGISTRATE.—A ministerial magistrate in the county of Charleston is a mere prosecuting officer.

3. PLEADINGS—MALICIOUS PROSECUTION.—A COMPLAINT for malicious prosecution must allege that the plaintiff has been charged with a criminal offense.

4. CRIMINAL LAW—RENT LIEN.—It is not a crime in this State to remove property subject to rent lien.

5. WAIVER—APPEAL.—A defendant does not waive his right to appeal from an order sustaining a demurrer, but allowing plaintiff to amend, by answering the amended complaint.

6. PLEADINGS—AMENDMENT.—A COMPLAINT stating facts which show that plaintiff has no cause of action, is not the subject of amendment.

Before KLUGH, J., Charleston, March, 1897. Modified.

Action by W. S. Whaley against W. Wallace Lawton. Defendant appeals.

*Messrs. McCradys & Bacot* and *Benjamin H. Rutledge,* for appellant, cite: *No crime is charged:* 9 S. C., 309; 24 S. C., 189; *and cause of action must be dismissed:* 2 Hill. L., 469; 16 S. C., 388; 2 Blacks., 259; 32 Pa. St., 168. *As to authority of ministerial magistrate of Charleston:* Rev. Stat., 862; 22 Stat., 472; 32 S. C., 56. *No sufficient allegation of final termination of prosecution:* 1 N. & McC., 36; 3 McC., 461; 34 S. C., 328; 4 McC., 356; 3 Strob., 581; 2 Selwyn, 1060; 2 Dunf. and E., 225; 2 Code R., 51; 16 Ala., 64; 4 Rich., 374. *As to issuing of warrant:* 58 Ia., 447. *As to the amendment allowed by the Court:* 31 S. C., 343; 125 Mass., 97; 21 Pac., 440; 2 N. & McC., 143; 16 Ala., 64; 4 Rich., 374; 21 S. C., 241; 28 S. C., 449; 32 S. C., 56; 49 S. C., 518.

*Messrs. T. B. Curtis* and *Young & Young,* contra, cite:

*As to power of magistrates under common law:* 8 Hen. VI., C. 9; Tr. Con. R., 328; 2 Stat., 482; Con. 1895, art. V., sec. 21; 22 Stat., 475; Gen. Stat., sec. 862; 11 Stat., 22; Rev. Stat., 1872, secs. 23, 741; Gen. Stat., 741; Crim. Code, 27. *As to allegation of termination of prosecution:* Crim. Code, 19; 14 Stat., 403; 9 S. C., 315; Code, 161; 6 S. C., 130; 4 Met., 421; 38 Vt., 755; 46 N. E., 707; 11 Kan., 554; 3 McC., 461; 4 McC., 355; 1 Bail., 65; 3 Hill, 195.   *As to no crime being alleged:* 22 S. C., 372; 54 S. C., 313; Code, 276, 277; 2 N. & McC., 511.   *Defendant cannot set this up:* 73 Mo., 25; 21 Wend., 284; 12 Conn., 219; 7 B. Mon., 545; 30 Mich., 406; 4 McC., 345; 70 N. W., 935; 14 Pa. St., 496. *As to amendment permitted by the Court:* 10 S. C., 101; 13 S. C., 21; 48 S. C., 564; 30 S. C., 574; 37 S. C., 341; 39 S. C., 336; 49 S. C., 613; 50 S. C., 398; 51 S. C., 315; *and such order is not appealable:* 18 S. C., 315; 3 S. C., 606; 9 S. C., 334; 13 S. C., 20; 26 S. C., 416.   *Defendant has waived his right to appeal:* 50 S. C., 400; 51 S. C., 311; 39 S. C., 335; 56 S. C., 49; 55 S. C., 450; 56 S. C., 82; 53 S. C., 583; 95 Fed. R., 948.

April 5, 1900.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   This was an action for malicious prosecution originally commenced on the 22d May, 1897.   It seems that in the original complaint the plaintiff undertook to state five different causes of action—two for false imprisonment and three for malicious prosecution.   To that complaint defendant demurred upon the ground that several causes of action were improperly united, which was heard by his Honor, Judge Ernest Gary, who passed an order sustaining the demurrer, but allowing the plaintiff to elect upon which of the several causes of action set out in the complaint he would go to trial.   From that order there was no appeal, the plaintiff acquiescing therein; but instead of electing the causes of action upon which he would go to trial, the plaintiff filed an amended complaint, leaving out the two

17—57

causes of action for false imprisonment and restating the
three causes of action for malicious prosecution. To the
complaint as thus amended, the defendant again demurred,
and moved to dismiss the complaint upon the grounds that
the facts stated in neither of the three causes of action, as set
out in the complaint, are sufficient to constitute a cause of
action, and in accordance with the rule of Court, reduced to
writing the grounds upon which he based his motion. As
to the first cause of action, these grounds are stated as fol-
lows: "1st. Because it appears on the face of the complaint
that the case was dismissed and the plaintiff discharged by
T. G. Disher, a ministerial magistrate, who had no jurisdic-
tion to hear and determine any case. 2d. Because there is
no allegation that the plaintiff was adjudged not guilty of
the offense charged, nor that he was acquitted, nor that he
was finally discharged, nor that the prosecution was wholly
ended and determined. 3d. Because it appears on the face
of the complaint that no *crime* was charged against the plain-
tiff, and that, therefore, no action for malicious prosecution
lies against the defendant." As to the second cause of
action, the ground of demurrer was thus stated: "Because
there is no allegation that the prosecution is wholly ended
and determined, or that plaintiff has been adjudged not
guilty of the offense charged, or that he had been acquitted,
but, on the contrary, the allegation is that the prosecution is
still pending in the court of the judicial magistrate for
Charleston County." As to this third cause of action, the
ground of the demurrer is the same as that just stated as to
the second cause of action. These demurrers to the several
causes of action as stated in the amended complaint came on
to be heard before his Honor, Judge Klugh, who passed an
order: 1st. That the demurrer to the first cause of action be
overruled. 2d. That the demurrer to the second and third
causes of action be sustained, with leave to plaintiff "to
amend his complaint, if he be so advised, so as to set out
more definitely the termination of the prosecution com-
plained of."

From this order defendant appeals, imputing error to the Circuit Judge in not sustaining the demurrer to the first cause of action upon the same grounds as those stated in the support of the demurrer: "2d. Error in granting leave to amend the allegations in the second and third causes of action, when it appears on the face of the complaint, which was duly verified, not only that there was no allegation that the prosecution was ended, but also that the prosecution was still pending in the judicial magistrate's court for the city of Charleston." The appeal, therefore, presents two general questions: 1st. Whether there was error in overruling the demurrer to the first cause of action. 2d. Whether there was error in allowing the plaintiff leave to amend the allegations of his complaint setting out the second and third causes of action, after sustaining the demurrer to those two causes of action.

The first question depends upon several subordinate inquiries: 1st. Whether there was any allegation in the complaint in the first cause of action that the prosecution complained of was ended. The rule is well settled that such an allegation is essential in an action for malicious prosecution, for the very good reason that until the prosecution is ended, it cannot be known whether the prosecution is well founded or not; and, as is said in one of the cases hereinafter cited, "this absurdity might follow— a plaintiff might recover in the action and yet be afterwards convicted on the original prosecution." For this reason the rule also requires that the prosecution must have been *legally* ended before any action for malicious prosecution can be commenced. As is said in 14 Am. & Eng. Enc. of Law, 28: "No action for malicious prosecution will lie until the proceeding complained of has been legally terminated in favor of the defendant." This is fully sustained by our own cases, *Smith* v. *Shackleford,* 1 N. & McC., 36, where it was held that a *nolle prosequi* entered on the warrant by the solicitor, but no order of discharge is obtained from the Court, is not such a termination of the prosecution as will

authorize the commencement of an action for malicious prosecution. As was said by Mr. Justice Colcock in delivering the opinion of the Court: "When a person charged with an offense is bound to appear at the Court of Sessions (and, of course, the same rule would apply to any other court of competent jurisdiction where the prosecution is pending), and does so, he will not be legally discharged without an express order of the Court for that purpose obtained. The entry of the solicitor was not a legal discharge." So, in *O'Driscoll* v. *McBurney,* 2 N. & McC., 54, it was held that the refusal of the grand jury to act upon a memorial submitted to it, complaining of the conduct of a public officer, is not such a termination of a prosecution as will authorize the commencement of an action for malicious prosecution. The syllabus in the case of *Thomas* v. *DeGraffenreid,* 2 N. & McC., 143, where it is stated as a *query* whether the finding of "no bill" by the grand jury is such an end of a prosecution as will authorize the commencement of an action for malicious prosecution, is misleading, as is apparent from the following language used by the Court in that case: "The rejection of a bill by the grand jury has never been held in this State as the legal end of a prosecution, unless the party has been regularly discharged thereupon by the order of the Court. Another bill may be preferred * * * The mere production of an indictment with the finding of the grand jury upon it, does not, therefore, prove the prosecution to be at an end. It may still be going (on ?) against him." In *Teague* v. *Wilks,* 3 McC., at page 465, it is said by the Court: "In an action for a malicious prosecution, it is necessary to set forth in the declaration that the prosecution was at an end, and also to show in what manner it was terminated; that is to say, whether by an acquittal of the plaintiff on trial, by the rejection of the bill by the grand jury, or by a *nolle prosequi,* or arrest of judgment. The three last methods do not necessarily put an end to the prosecution, because the defendant may still be proceeded against. It is necessary, therefore, to state that he was finally discharged." To the

same effect, see *Heyward* v. *Cuthbert,* 4 McC., 354, and *Tisdale* v. *Kingman,* 34 S. C., 326.    In the light of these well settled rules, let us proceed to examine the allegations of the complaint in reference to the first cause of action, with a view to ascertain whether there is any allegation therein that the prosecution upon which that cause of action is based was ended at the time the present action was commenced.    The allegations are substantially as  follows: 1st. That on the 22d of January, 1897, the defendant applied for and obtained from one T. G. Disher, a magistrate in and for the county of Charleston, a warrant against the plaintiff, under a charge therein stated.    2d.  That under said warrant plaintiff "was arrested and imprisoned for forty-eight hours, and was compelled to give bail in the sum of $200 in order to obtain his release. 3d. That in so doing the defendant acted maliciously and without probable cause.    4th.    That on the 26th day of January, 1897, this plaintiff was examined before the said magistrate for the said alleged crime or misdemeanor, and the said magistrate dismissed the case and discharged this plaintiff, W. S. Whaley, and that since that time the defendant, W. Wallace Lawton, has not prosecuted said complaint, but has abandoned the same as unfounded in fact and law."    The other allegations in the complaint to sustain the first cause of action having no reference to the termination of the prosecution upon which the present action is based, need not be stated here.    It seems to us that there is no allegation in the complaint that the prosecution upon which this action is based, has ever been legally terminated.    The magistrate, Disher, must necessarily be  regarded  as  a ministerial magistrate for the county of Charleston, for under the special provisions made for that county, it seems that warrants charging offenses against the criminal law could only be issued by a ministerial and not by a judicial magistrate.    The scheme of the statute, so far as the county of Charleston is concerned, seems to be that two classes of magistrates are appointed for that county—one called ministerial magistrates, who are invested with the authority to

institute prosecutions by issuing warrants for the arrest of persons charged with offenses against the law, and return the same to a judicial magistrate for trial, where the State is represented by the ministerial magistrate who instituted the prosecution, unless the solicitor of the Circuit shall assume charge of the prosecution; the other, called judicial magistrates, whose powers and duties not being in question here, need not be stated. The statute declares, in express terms, that the ministerial magistrate "cannot hear and determine any case whatever," with a certain exception that does not apply in this case. See Rev. Stat. of 1893, sections 862 and 888. So that the Court will take judicial notice of the fact that T. G. Disher, the magistrate, who, as alleged in the complaint, issued the warrant, was a ministerial magistrate, and this is conceded in the argument here. It is clear, therefore, that even if the fourth allegations in the complaint copied above should be regarded as substantially alleging that the ministerial magistrate had entered a *nolle prosequi* upon the warrant, or had undertaken to grant a formal order dismissing the case and discharging the plaintiff from the prosecution, his act in doing so would have been merely a nullity, and certainly would not have had the effect of legally terminating the prosecution; for he is not invested with authority to do anything of the kind. After issuing the warrant and taking the recognizance of the plaintiff to appear and answer to the charge, his sole duties were to return the papers to the judicial magistrate for trial, where he would act as prosecuting officer, in the absence of the solicitor of the circuit. It seems to us, therefore, that there was no allegation in the complaint that the prosecution was ever legally terminated, and that upon this ground there was error in overruling the demurrer to the first cause of action.

There is, however, another ground upon which we think there was error in overruling the demurrer to the first cause of action, and that is the fact that there is no allegation in the complaint that, in the prosecution complained of, the plaintiff was charged with any criminal offense.

From the very nature of the case, an action for maliciour prosecution necessarily involves the idea that the plaintiff has been prosecuted for a criminal offense. But as the point has been distinctly decided in this State, we need not pursue the discussion further. In *Frierson* v. *Hewitt*, 2 Hill., 499, it was held that to sustain an action for malicious prosecution, the indictment must charge a crime. The question, therefore, is, whether there is any allegation in the complaint, so far as the first cause of action is concerned, that the plaintiff was prosecuted for any criminal offense. The only allegation is in the first paragraph of the complaint, which reads as follows: "That on the 22d day of January, A. D. 1897, in the city of Charleston and State aforesaid, the defendant, W. Wallace Lawton, of the county of Charleston and State aforesaid, appeared before T. G. Disher, a magistrate in and for the said county of Charleston, and charged the plaintiff, before the said magistrate, with having removed property under lien for rent, against the peace and dignity of the State of South Carolina, and procured said magistrate to grant a warrant for the arrest of this plaintiff, W. S. Whaley, upon said charge." It thus appears that the only act with which the plaintiff was charged before the magistrate was, "with having removed property under lien for rent;" and the only question is, whether there is any law making such an act a criminal offense. It is not pretended that such an act was a criminal offense at common law, and hence the only inquiry is, whether we have any statute making it so. The only statute relied upon for this purpose is that contained in sec. 277 of the Crim. Stat., 2 Rev. Stat., p. 356, which reads as follows: "Any person or persons who shall sell or dispose of any personal property, on which any mortgage or other lien exists, without the written consent of the mortgagee or lienee, or the owner or holder of such mortgage or lien, and shall fail to pay the debt secured by the same within ten days after such sale or disposal, or shall fail, in such time, to deposit the amount of the said debt with the clerk of the Court of

Common Pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor," &c. It is very certain that the facts stated in the complaint, as copied above, are very far from being sufficient to constitute the offense denounced by this statute. Such offense consists of more than one element. A mere sale or disposal of personal property covered by a lien is not sufficient to constitute a criminal offense, but it must be accompanied by a failure to pay the debt secured by the lien, or a failure to deposit with the clerk the amout of such debt within the ten days. But what is conclusive, is, that there is not a word in this statute which, even by implication, can be regarded as an indication of an intention on the part of the legislature to make the mere removal of property subject to a lien, a criminal offense—and that is all that the plaintiff was charged by the defendant with having done. Indeed, in many instances, the mere removal of property subject to a lien, instead of being a violation even of the moral law, would be a commendable act—as, for instance, removing cotton after it has been packed into bales from the ground around the press, and placing them in a house or under a shelter to protect them from the weather. We have no idea that the legislature ever intended to make the mere removal of property subject to a lien a crimnal offense; and certainly the language used in the statute relied upon is not expressive of any such intention.

We proceed next to consider the second general question stated above, viz: whether there was error in allowing the plaintiff leave to amend the allegations of his complaint, setting out the second and third causes of action, after sustaining the demurrer to those two causes of action. But before proceeding to consider the merits of this question, it may, perhaps, be necessary to consider a preliminary question raised, for the first time, *in the argument* of the respondent before this Court. That question is whether the defendant has not waived his right to appeal. Waiving, without deciding the point whether it is now too late to raise this question, as there was no motion to dismiss this appeal,

and no mention is made of it in the "Case" as prepared for argument here, which was agreed to by both parties, we may say that the point made cannot be sustained. The contention on the part of respondent is that the defendant, by serving his answer to the complaint as amended under the leave granted by the order of Judge Klugh, has waived his right to appeal from such order. We do not think so. While it is quite true that a party, by accepting the benefit of an order, waives his right to appeal from such order, yet it certainly cannot be said that the defendant, by answering the amended complaint, which he was bound to do under pain of being found in default, has accepted the *benefit* of Judge Klugh's order, for that order was no benefit to him—rather the contrary. Besides, it is well settled that such a demurrer as this may be interposed after answer filed. When the Circuit Judge granted the order sustaining the demurrers to the second and third causes of action as set out in the complaint, he must, necessarily, be regarded as having adjudged that the facts alleged were not sufficient to constitute a cause of action, for otherwise the demurrers must necessarily have been overruled. If the statement of facts were merely incomplete, or were not stated definitely or with sufficient certainty, then it is well settled that the remedy would have been by motion to make the allegations of the complaint more definite and certain, and *not by demurrer.* Now in this case the Circuit Judge was unquestionably right in sustaining the demurrer to the second and third causes of action, as set out in the complaint, for there was not only an entire absence of any allegation of the material fact that the prosecution which constituted the basis of the action was ended, but, on the contrary, the allegations were that such prosecution was still pending. The allegations in the complaint as to this matter, being in identical terms in both the second and third causes of action, and the grounds of demurrer being stated in the same language as to both, it will only be necessary to set out here one of these allegations and one of these grounds of demurrer, as follows: "That on the 26th day of January,

1897, the said magistrate (referring to the ministerial magistrate, T. G. Disher,) being without jurisdiction to try the said alleged crime or misdemeanor, forwarded the same to the court of the judicial magistrate of and for the county of Charleston, for action therein. That, thereupon, the defendant, W. Wallace Lawton, discontinued said case, and has not prosecuted said complaint, but has abandoned same." And the ground of the demurrer is thus stated: "Because there is no allegation that the prosecution is wholly ended or determined, or that the plaintiff has been adjudged not guilty of the offense charged, or that he has been acquitted, but, on the contrary, the allegation is that the prosecution is still pending in the court of the judicial magistrate for Charleston County." Under this state of the pleadings, the practical inquiry is whether this was a case in which the plaintiff was entitled to amend his complaint, in which he had not only failed to state the facts necessary to give him a cause of action, but had stated facts showing that he had no cause of action. As we have seen in the preceding part of this opinion, it is absolutely necessary, in order to maintain an action for a malicious prosecution, that the plaintiff should allege in his complaint that the criminal prosecution upon which he bases his action has been *legally* determined, for the reason, as stated by Mr. Justice Colcock, in *Smith* v. *Shackleford, supra,* "this absurdity might follow: a plaintiff might recover in the action, and yet be afterwards convicted on the original prosecution," and as held in the cases above cited, a criminal prosecution cannot be legally determined except by verdict of a jury, or by an order of the Court, in which such prosecution is pending, discharging the party accused. The allegation in this complaint, that when the prosecution was turned over to the judicial magistrate by the ministerial magistrate, as he was by law required to do, the defendant, Lawton, who had instituted the prosecution, "discontinued said case, and has not prosecuted said complaint, but has abandoned the same," amounts to nothing, for Lawton had no more control of the case than any other pri-

vate citizen, and had no authority whatever to discontinue the case.  He was a mere prosecutor, and after he had sued out the warrant he was nothing more than a mere witness, under recognizance to appear and testify, and he could, at any time, have been required to appear before the judicial magistrate and testify in the case, whether he wished to do so or not.  The plaintiff having thus far failed to state in his complaint facts necessary to constitute a cause of action, and, on the contrary, having stated facts in his complaint under oath which conclusively show that he had no cause of action, that the prosecution of which he complains is still pending in the judicial magistrate's court, under which he may yet possibly be convicted, it seems to us that there was error in granting him leave to amend. *Kennerty* v. *Etiwan Co.,* 21 S. C., 226; *Lilly* v. *P. Railroad Co.,* 32 S. C., 142.

The judgment of this Court is, that the order appealed from be reversed, except in so far as it sustains the demurrer to the second and third causes of action, and that the complaint be dismissed.