## CROMER v. WATSON.

1. CLAIM AND DELIVERY—MAGISTRATE.—It is sufficient compliance with statute for magistrate to indorse on back of undertaking fastened to affidavit and summons the authority to constable to take possession of property in claim and delivery.

2. IBID.—MAGISTRATE is not required to approve in writing bond in claim and delivery.

3. IBID.—CONSTABLE.—MAGISTRATE may appoint by indorsement in writing special constable not under bond to take possession of property in claim and delivery.

4. VENUE—MAGISTRATE.—Party to action must make affidavit under 22 Stat., 13, for change of venue in magistrate court. It cannot be made by attorney.

5. MAGISTRATE—JURISDICTION.—All proceedings before magistrate to whom case was improperly transferred are without jurisdiction and void.

6. IBID.—VENUE.—One party can only have one change of venue in magistrate court.

7. IF MAGISTRATE is providentially prevented from attending on day set for trial, he may afterwards set another day and try the case.

8. EXCEPTION pointing out no specific error not considered.

9. APPEAL—MAGISTRATE.—Question of fact settled by Circuit Judge on appeal from magistrate cannot be reviewed here.

10. EQUITY.—MAGISTRATE COURT cannot entertain a case in equity.

11. CLAIM AND DELIVERY.—No need for demand before suit in claim and delivery where party forbids agent of party sued from taking property at time of seizure.

Before KLUGH, J., Saluda, August, 1900.   Affirmed.

Action in claim and delivery by F. G. Cromer against P. B. Watson.   From Circuit order dismissing appeal from magistrate court, defendant appeals.

*Mr. E. W. Able,* for appellant, cites: *As to indorsing direction to officer to take property:* Code, 71, sub. 12.   *Process in claim and delivery must be served by qualified constable:* 17 S. C., 1; Rev. Stat., 901; Con., art. V., sec. 20; Code, 71, subs, 12 and 13.   *As to change of venue:* 22 Stat., 13.   *Plaintiff must allege and prove demand:* 23 S. E. R., 49.   *Mortgagor cannot bring action upon condition broken:* 20 S. C., 17, 514.

*Messrs. Jno. H. Peurifoy* and *J. B. Hunter,* contra, cite: *Order changing venue is appealable:* 35 S. C., 371.   *Affidavit for, must be made by party:* 22 Stat., 13; 24 S. C., 105. *Demand not necessary where taking is wrongful:* 45 S. C., 388; 27 S. C., 243.   *Chattel mortgage becomes null and void when mortgagee after condition broken accepts amount in full of debt:* 38 S. C., 507.

March 14, 1901.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   Plaintiff, in an action for claim and delivery began in a magistrate's court in Saluda County, sought to recover from the defendant a mule, named "John," valued at $75.   The "Case" declares that the moving papers in the action were all regular except there was no direction indorsed upon the affidavit by the magistrate directing that the property sought to be recovered be taken into custody by an officer, nor did it anywhere appear that the undertaking filed by the plaintiff was approved by the magistrate; but said affidavit, summons and undertaking were all riveted together with the undertaking on the outside, and on the back of the undertaking the following indorsement appears: "South Carolina, Saluda County.   To W. L. Gillion: You

are hereby appointed a special constable to serve within process and to take the property described herein from the defendant and to keep the same to be disposed of according to law. Witness my hand and seal, April 18, 1898. L. E. Furguson, [L. S.] Magistrate S. C." It also appears in the case: "W. L. Gillion, the officer mentioned in the direction of the magistrate above, was not the regularly appointed constable of the said magistrate, or under bond or sworn, and acted only by virtue of the indorsement above."

On the return day of the summons the defendant appeared and objected to the jurisdiction of the magistrate in the premises because of defect in the indorsement of affidavit, and the want of approval of the bond in writing by the magistrate, and because no service had been made on defendant by an officer directed by law. The magistrate dismissed the proceeding, whereupon plaintiff appealed to the Circuit Court upon the following ground: "Because the magistrate erred in dismissing the case for the reason that the indorsement of the magistrate to the special constable was not made on the affidavit." When Judge Ernest Gary heard the appeal, he reversed the action of the magistrate, and ordered the cause back for trial without prejudice to defendant's right to make the same point in a subsequent appeal. When the cause again reached Magistrate Ferguson, the plaintiff moved for a change of venue on statutory grounds, which was granted, and the cause was ordered to Magistrate Coleman for trial. Defendant appealed from this order. Thereupon defendant's attorney, on his own affidavit alone, moved for a change of venue, which Magistrate Coleman granted, and ordered the cause before Magistrate Buzhardt. Under protest of plaintiff, Magistrate Buzhardt tried the cause and gave judgment for defendant. Thereupon an appeal was taken, when Judge Gage ordered the trial before Magistrate Buzhardt set aside, and adjudged affidavit of defendant's attorney insufficient, and also ordered cause back to Magistrate Coleman for trial. When it came back to Magistrate Coleman, he fixed 16th February, 1899, for day

of trial; but could not himself reach the place for trial owing to a flood in the river rendering it impossible to come over. Subsequently Magistrate Coleman fixed the 24th February, 1899, as the date for trial. Defendant in person offered an affidavit for change of venue. This being refused, an appeal was taken, which was heard by Judge Watts, who overruled the appeal, sending the case back to Magistrate Coleman for trial. Defendant raised question of jurisdiction, which was overruled. Defendant then pleaded a general denial. At the hearing, plaintiff ordered testimony tending to show that he had objected to the agent of defendant taking the mule before he seized it. Also that the note and mortgage held by defendant was collateral to a debt of $249 to defendant, which he had already secured by note and mortgage; in fact, he claimed that the $100 note, secured by a mortgage of mule "John," was a part of the $249 debt. That his father paid the debt of $249 by paying $216 in cash; whereupon P. B. Watson, the defendant, assigned both note and mortgage for $249 to plaintiff's father. These papers were produced, assigned; but it was also in testimony that after such assignment, the plaintiff admitted he owed something to defendant, and asked for time in which to pay, which was granted. The defendant offered no testimony. The magistrate rendered judgment in favor of the plaintiff. Whereupon defendant appealed, and on hearing the appeal Judge Klugh dismissed the appeal.

And now the defendant appeals to this Court on seventeen grounds, as follows:

"1. In that Judge Gary erred in holding that it was not necessary in a claim and delivery proceeding in magistrate's court, for the indorsement required by statute directing an officer or constable to take possession of the property to be disposed of by law to be on the affidavit, but it was sufficient if the said indorsement appeared on the undertaking.

"2. Because his Honor, Judge Gary, erred in holding that it was not necessary that the bond or undertaking of the

plaintiff in claim and delivery action in a magistrate's court be approved by magistrate.

"3. Because his Honor, Judge Klugh, erred in holding that a process of magistrate's court in a claim and delivery action could be served by any special constable, when the statute directs that such a process can only be served by the regular constable of the magistrate.

"4. Because his Honor, Judge Klugh, erred in holding that Magistrate Coleman had jurisdiction of this matter, when it appeared that Magistrate Ferguson's order, dated May 25th, 1898, granting the change of venue to Magistrate Coleman, was irregular and made without warrant of law.

"5. Because his Honor, Judge Gary, erred in holding that the affidavit for a change of venue from Coleman to Buzhardt should have been made by P. B. Watson, the defendant, and not by E. W. Able, his attorney.

"6. Because his Honor, Judge Gary, erred in setting aside the judgment of Magistrate Buzhardt in the premises and remanding the cause to Magistrate Coleman.

"7. Because his Honor, Judge Watts, erred in refusing to hold that Magistrate Coleman erred in refusing to grant the defendant a change of venue as asked for on February 10, 1899.

"8. Because his Honor, Judge Watts, and his Honor, Judge Klugh, erred in refusing to hold that Magistrate Coleman did not have jurisdiction over this cause after February 16, 1899; it appearing that the cause had been set for trial on said February 16, 1899, by the said magistrate, and on that day the defendant and plaintiff appeared for trial, but the magistrate failed and neglected to appear, and the cause was not called, tried, continued or otherwise disposed of.

"9. Because his Honor, Judge Watts, erred in remanding this cause to Magistrate Coleman for a trial at the May term of the Court of Common Pleas for Saluda County, 1899.

"10. Because his Honor, Judge Klugh, erred in refusing to hold that Magistrate Coleman had not erred in overruling

the defendant's demurrer and motion to dismiss this action when it appeared from the testimony of the plaintiffs: (a) That the defendant held a chattel mortgage executed by the plaintiff which had not been paid, was not marked satisfied, nor surrendered by defendant to plaintiff, by virtue of the authority of which the property sued for herein was taken into peaceful possession by the defendant herein; (b) That there was a defect of proper parties plaintiff, in that A. S. Cromer, the owner of the real estate mortgaged, was a necessary party plaintiff; (c) That there was a failure of proper parties defendant, in that it did not appear that P. B. Watson ever had in his possession the property sought to be recovered herein; (d) Because there was no evidence showing that any demand was made by the plaintiff, or any one for him, on the defendant or his agent for the possession of the property.

"11. Because his Honor, Judge Klugh, erred in holding that magistrate's court had jurisdiction of an action of this kind, it appearing that the action was one in equity for an accounting and not at law.

"12. Because his Honor, Judge Klugh, erred in holding that it was not necessary for an indorsement or requisition to appear on the affidavit in a claim and delivery action, requiring a lawful constable of the county to take and hold the property described in the affidavit, to be disposed of according to law.

"13. Because his Honor, Judge Klugh, erred in holding that it was not necessary that the magistrate approve the bond of the plaintiff in a claim and delivery action.

"14. Because his Honor, Judge Klugh, erred in holding that the magistrate had jurisdiction herein, when it appeared that the action was for the recovery of personal property taken from the plaintiff by the agent of the defendant by virtue of a chattel mortgage executed by plaintiff in favor of the defendant.

"15. Because his Honor, Judge Klugh, erred in holding that the magistrate did not err in giving judgment for the

plaintiff herein, when it appeared from the evidence that the plaintiff had not made, or caused to be made, upon the defendant or his agent, a demand for the property sought to be recovered before instituting this suit.

"16. Because the presiding Judge erred in holding that the magistrate had not erred in rendering judgment in favor of the plaintiff, and when it appeared by the testimony of the plaintiff himself and his witnesses that he was indebted to the defendant on open account as well as upon notes secured by chattel mortgage, and it did not appear that either had been paid and the chattel mortgage been satisfied or surrendered; and further, in holding that the magistrate had not erred in refusing to hold that the defendant was entitled to have all the demands against the plaintiff settled in full before the plaintiff was entitled to recover the chattels herein.

"17. Because the presiding Judge erred in holding that the magistrate did not err in not dismissing the case on motion of the defendant for want of jurisdiction, it appearing from the complaint made by plaintiff, and from the summons and affidavit of the plaintiff and from the proof, that this was an action to recover possession of personal property from a mortgagee who had taken it into peaceable possession by virtue of process contained in a chattel mortgage, the conditions of which chattel mortgage had been broken."

We will now dispose of these exceptions. We cannot sustain the first exception, because it appears in the "Case" that the affidavit in question was riveted together with the summons and the undertaking, with the undertaking being on the outside of the papers riveted together, and that the indorsement was made by the magistrate on the back of the undertaking. All these papers being thus fastened together, it was a sufficient compliance with the statute that the indorsement should be on the back of the papers thus fastened together.

We cannot sustain the second exception, because when

the magistrate took the undertaking and with his own hands sent it out of his office into the hands of an officer appointed by him, it was sufficient evidence of an approval by him. The appellant himself, in the "Case" for appeal, says the papers were all regular, except the indorsement was not actually made on the affidavit, and that it did not appear affirmatively that the magistrate had approved the same. Under the statute, a defendant is allowed time in which to except to the sufficiency of the undertaking, and if he fails to do so, "all objection thereto shall be waived." Subdiv. 14, sec. 71, Code.

We cannot sustain the third exception, because the Constitution of 1895, art. V., sec. 20, provides: "* * * Each magistrate shall have the power, under such regulations as may *now* or hereafter be provided by law, to appoint one or more constables to execute writs and processes issued by him * * *." Since 1872 up to the present time, it has been lawful for a trial justice or magistrate to appoint a special constable. See chap. XXVI. of Gen. Stat. of 1872, sec. 2; Gen. Stat. 1882, sec. 864; Rev. Stat. of 1893, sec. 901. This appointment had to be in writing, made by the magistrate. The appointment of this special constable was in writing, under the hand and seal of the magistrate.

We cannot sustain the fourth exception, because it appears from the "Case" that the order for the change of venue made by Ferguson to Magistrate Coleman was made under the provisions of the law. The affidavit was made by the plaintiff, and good cause for change of venue was therein set up. See Stat. at Large, vol. 22, sec. 2, page 13.

We cannot sustain the fifth exception, because the statute in regard to change of venue expressly provides: *"whenever either party* in a civil case, or the prosecutor or accused in a criminal case, which is to be tried before a magistrate, shall file, &c."* 22 Stat. at Large, page 13. The affidavit must be made by *"either party."* The affidavit of the attor-

ney is not contemplated by the statute.   Hence when Mr. Able, as an attorney for the defendant, made his affidavit as the sole ground for change of venue, it was fatal to such application.

We cannot sustain the sixth exception, because the moment the Circuit Judge held that the venue had not properly been changed from Coleman to Buzhardt, the latter had no jurisdiction, and when no jurisdiction was in Magistrate Buzhardt to hear and determine the action, his judgment without having jurisdiction was a nullity.

We cannot sustain the seventh exception, because, in the first place, no specific error is assigned to the ruling of Judge Watts; and because, in the second place, there was no error on Judge Watts' part, for one motion had already been made by the defendant for change of venue.   This was all to which he was entitled.

We cannot sustain the eighth exception, because it could not be law that if the judge of a court was providentially hindered from holding court on the precise day when a cause was assigned for a hearing, that thereby the court lost all power to fix another day; especially is this true in the case of magistrates' courts—the law fixes no day as a court day, so to speak, in magistrates' courts.

We cannot sustain the ninth exception, because there is no allegation of specific error; the object of exceptions is to fasten the eye of the Court upon some definite error. Why was it error in Judge Watts to make the order he did?   No ground is pointed out by the exceptions. But apart from this, we have examined the "Case" for appeal and we find no error.

We cannot sustain the tenth exception, because "a" that was a question of fact for the magistrate to decide in the first instance, and the Circuit Judge on appeal to him.   This Court cannot pass upon the facts, because "b" the court of magistrate cannot entertain an equity cause; therefore, to have A. S. Cromer made a party

to investigate his mortgage claims, would have had that effect. The plaintiff and the defendant in the cause at bar had a clean cut issue between them, and the introduction of other parties was unnecessary. "c" The proof showed that the defendant, P. B. Watson, seized the plaintiff's mule, "John," by the hands of his agent, and having done so, it was the defendant's act; and "d" There was no need for a demand when it was in evidence that the plaintiff *forbade* the defendant's agent to take the mule, "John;" the charge of the complaint was that the taking was unlawful.

We cannot sustain the eleventh exception, because the "Case" for appeal fails to disclose any equitable issues between the plaintiff and the defendant. It was a law case, pure and simple.

We cannot sustain the twelfth exception, because we have already held that the indorsement by the magistrate in the case at bar was sufficient, and that the special constable could carry out the orders of the magistrate.

We cannot sustain the thirteenth exception, because we have already held that there was no error as to the undertaking in this case, so far as its validity was concerned as to its approval by the magistrate.

We cannot sustain the fourteenth exception, because this exception involves a question of fact.

We cannot sustain the fifteenth exception, because we have already held that no demand is necessary when the owner *forbids* the person he afterwards sues to take his mule at the very time he takes the property; but besides, the question of demand was settled by the magistrate and Circuit Judge.

We cannot sustain the sixteenth exception, because it involves a question of fact. Besides all this, there was testimony on both sides of this matter as disclosed by the "Case," and the finding of fact thereon

32—59

by the magistrate and Circuit Judge are conclusive with this Court.

Lastly, we cannot sustain the seventeenth exception, because the allegations of fact to oust the megistrate of jurisdiction have been found against the defendant, appellant, and we cannot interfere therewith.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.