14369

CITY OF SUMTER v. OWENS

(188 S. E., 192)

Before GREENE, J., Sumter, February, 1936.

*Mr. L. D. Jennings,* for appellant,

*Mr. Shepard K. Nash,* for respondent,

November 4, 1936.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE A. L. GASTON.

This case originated in the recorder's Court in the City of Sumter. The appellant was twice tried in that Court before a jury on a warrant charging him with petit larceny, and each trial resulted in a mistrial. The recorder then fixed another day for the trial of the case, whereupon the appellant filed his affidavit for a change of venue upon the ground that he could not obtain a fair trial before the recorder, for the reasons set out in the affidavit, which will be referred to later. The recorder refused the motion for the change of venue on the day which was set for the trial, and on which the motion was made, to wit, February 7, 1936. Notice and grounds of appeal were served on the same day and the recorder made his return to the Circuit Court and filed the same with the clerk, who placed the case on the sessions calendar forthwith. The Court of General Sessions convened on February 10, 1936, three days thereafter, when the appeal was heard by Judge Greene, who, in a short order, overruled all exceptions and dismissed the appeal. The appellant at that time objected to the hearing of the appeal on the ground that the record had not been filed with the Clerk of Court eight days before the Court convened and also on the further ground that the case had not been placed on Calendar 2 instead of on the General Sessions calendar. These objections were overruled, and appellant's attorney was ordered by the Court to proceed with the appeal which was done under protest.

There are two questions now presented by the appeal to this Court. It is first contended that the presiding Judge erred in holding that he had jurisdiction to hear the appeal for the reason that the record had not been filed with the clerk of Court eight days before the Court convened. The appellant contends that under Section 794 of the Code of 1932 all appeals shall be to the Circuit

Court from a magistrate's Court, or any other inferior Court, save the Probate Court; and that under Section 802 of the Code, at least eight days before the Court convenes "the party desiring to bring on the appeal shall file the return and accompanying papers, if any, with the clerk, and the clerk shall thereupon enter the cause on the calendar, according to the date of the return." The appellant contends that these two sections apply to all inferior Courts and that the return and all papers upon which the appeal is to be heard shall be filed with the clerk at least eight days before the Circuit Court convenes. These two sections are a part of the Code of Civil Procedure and do not relate to an appeal from an inferior Court in a criminal case; therefore, have no application at present to the issues now raised on this appeal. Appeals in criminal cases from municipal Courts are regulated by Chapter 59 of the Code (Section 952 *et seq.*). Section 954 of this chapter of the Code provides that "any party shall have the right to appeal from the sentence or judgment of the recorder to the city council of the city, or the Court of General Sessions of the county in which the trial is held: Provided, however, notice of intention so to appeal be given in writing and served on the recorder within twenty-four hours after sentence is passed or judgment rendered, and the party appealing do enter into bond, payable to such city, to appear and defend such appeal at the next meeting of the city council of such city, or the next term of said Court of General Sessions, as the appeal may be taken, in such amount and with such sureties as the recorder may determine."

Under Section 955 the recorder upon appeal shall make a return to the tribunal to which the appeal is taken, and the appeal shall be heard by the city council, or presiding Judge, as the case may be upon such return. If the appeal is taken to the Court of General Sessions, said return shall be filed with the Clerk of the Court of General Sessions of the county in which the trial is had,

and the cause shall be docketed for trial in the same manner as is now provided in cases of appeals from magistrate's Courts. The law regulating appeals in criminal cases from magistrate's Courts to the Court of General Sessions is found in Chapter 64 of the Code of 1932 (Section 1024 *et seq.*). Every person tried before a magistrate for any offense whatever may appeal to the next term of the Court of General Sessions for the county, and shall within five days after sentence serve notice and grounds of appeal, upon the magistrate who tries the case and within ten days thereafter the magistrate shall file the notice and record in the office of the Clerk of Court, who shall, upon receipt of said case, place the same upon the proper docket of the Court of General Sessions for trial or other disposition at the next ensuing term of said Court.

Nowhere does it appear that appeals in criminal cases from a recorder's Court, or municipal Court, or from the magistrate's Court, to the Court of General Sessions, shall be docketed at least eight days before the Court convenes. The contrary is manifest, and it is clear that a prompt and speedy trial of criminal cases on appeal is intended and required. The case on appeal is to be disposed of at the next ensuing term of said Court and must be made to the next term of the Court of General Sessions. The notice and grounds of appeal from the recorder's Court must be served within 24 hours after sentence is passed or judgment rendered. The recorder is required to make a return to the Court of General Sessions without delay. The municipal Courts shall also have all powers, duties, and jurisdiction in criminal cases as are now conferred by law upon the magistrates for the county in which such municipal Court is established, except that such a municipal Court shall not appoint a constable. Section 7247.

The right to appeal to the Court of General Sessions in cities of over 5,000 inhabitants may be exercised within five days subject to all of the provisions regulating such appeals. Section 7258.

But this provision does not enlarge the right of appeal except in this one particular and does not extend the time for the case to be heard on appeal by the presiding · Judge of the Court of General Sessions. In the case at bar, the appellant did not wait for his five days to serve his notice and grounds of appeal, and cannot complain that the appeal was heard promptly by the appellate Court. The first exception relating to the jurisdiction of the Circuit Court to hear the appeal cannot be sustained and is overruled.

The case was properly docketed by the Clerk of Court on the General Sessions calendar, and the appellant so concedes in his argument. Exception 2 is therefore overruled.

The right to a change of venue in magistrate's Courts and other inferior tribunals in criminal cases is set forth under Section 274(19) and Section 946 of the Code of 1932.

The defendant herein filed his affidavit to the effect that he does not believe he can obtain a fair trial before the recorder, and attempts to set forth the grounds of such belief by swearing that before the trial of said cause deponent heard said recorder say he understood that Maples (the prosecuting witness) and deponent wanted to compromise said case, "and that he was willing for them to do so provided deponent would pay the City a fine of $15.00." The affidavit then states as a conclusion, or argumentatively, or as the opinion of the deponent, "that the Recorder thereby expressed himself to the effect that deponent was guilty of the crime charged; because if he did not believe that deponent was guilty of said crime, there was no reason to require payment of a fine to the City."

The conclusion does not state facts and may be disregarded.

The only statement charged to the recorder is that he was willing for the parties voluntarily to compromise the case provided the defendant paid the city a fine of $15.00.

Such statement does not show bias, prejudice, or unfairness on the part of the recorder; nor does it indicate a be-

lief that defendant is guilty; but it fails to state any sufficient grounds for a change of venue. The statement attributed to the recorder may be a true and correct recital of what was said by him, and yet fall far short of complying with the requirements of the statute, as interpreted by this Court, in that they do not state facts sufficient to disqualify the recorder, with such definiteness and certainty that the Court can determine their sufficiency in order to satisfy the statute. *State v. Barnett,* 98 S. C., 422, 82 S. E., 795.

It is clear that in this affidavit the conclusions as to the facts stated are not sufficient to form the basis of an indictment for perjury and that the affidavit is not materially different from the affidavit declared insufficient by this Court in *Mayes v. Evans,* 80 S. C., 362, 61 S. E., 216, 657, and other cases therein referred to.

The conclusions drawn by the deponent in his affidavit do not necessarily follow, and so nothing appears in the affidavit to disqualify the recorder, and to show that a fair trial cannot be obtained before him.

As the case must go back for trial by the recorder, it is not best to point out further the erroneous conclusion sought to be drawn by the appellant as to the recorder's belief in the guilt of the accused, except to say that on the trial of the case before a jury the accused is presumed to be innocent and is entitled to the benefit of such presumption throughout the entire case, until or unless the jury finds to the contrary, under the evidence, beyond a reasonable doubt.

All exceptions are therefore overruled. The appeal is dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.