14718

## CLEMMONS v. NICHOLSON

(198 S. E., 180)

*Messrs. R. B. Harrelson* and *S. H. Schoolfield, Jr.,* for appellant,

*Messrs. L. M. Gasque* and *Gibson & Muller,* for respondent,

July 8, 1938.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

The facts and the allegations contained in the pleadings are fully set forth by this Court on the former appeal herein. 180 S. C., 54, 185 S. E., 34.

On the second trial before Judge Rice and a jury, at the close of all of the testimony, the defendant moved for a directed verdict on three grounds. The presiding Judge sustained the first ground and directed a verdict in favor of the defendant. Judge Rice held that the magistrate had no jurisdiction to hold the preliminary, nor to issue the order dismissing the warrant; that the prosecution was not judicially ended and determined, and that the prosecutor was a mere witness and whether he consented or not, could not confer any authority upon the magistrate to act.

The plaintiff appeals from the directed verdict and judgment thereon. The defendant has served due notice that he will seek to sustain the rulings and judgment below upon additional grounds, which are set forth in the record and upon which the motion on circuit by the defendant for the directed verdict was also based.

The warrant for the arrest of the appellant was issued on June 24, 1932, by Magistrate W. M. Grantham at Nichols,

upon an affidavit sworn to on information and belief by A. R. Nicholson, the respondent herein. Magistrate Grantham transferred the warrant on July 13, 1932, to Magistrate William Harrelson at Mullins. "This last named Magistrate agreed to give appellant a preliminary hearing, and, after notice to all parties involved, set the hearing for September 23, 1932. On that date, the appellant, as did the respondent, appeared before the Magistrate, who upon being informed that the State had no evidence against appellant, issued his order discharging appellant." The foregoing statement is set forth by this Court on the first appeal, and is not now in dispute. It is also undisputed that Magistrate Grantham issued his order of July 13, 1932, to transfer the case of the *State v. DeWitt Clemmons* to Magistrate Harrelson for the purpose of holding a preliminary, without any affidavits whatsoever having been made or filed for such removal of the hearing to another magistrate.

1. The first issue on appeal now questions the validity of the order of the magistrate for the transfer of the criminal case to another magistrate for the purpose of holding a preliminary hearing. The jurisdiction of magistrates is fixed by the Constitution, and statutes enacted pursuant thereto. "In criminal matters beyond their jurisdiction to try, they shall sit as examining Courts, and commit, discharge, or (except in capital cases) recognize persons charged with such offenses, subject to such regulations as the General Assembly may provide." Const. 1895, Art. 5, Sec. 21; Sec. 3709, Code of Laws, 1932.

Section 936 of the Code of 1932 relates to the regulations for preliminary hearings. It is the duty of the magistrate who issues a warrant charging a crime, beyond his jurisdiction to try, to hold a preliminary investigation, upon demand of the defendant, who shall have the right to cross examine the State's witnesses, in person, or by attorney, and to be heard as to whether a probable case has been made out, and as to whether the case ought to be dismissed by the magistrate and the defendant discharged without

day. The defendant when first brought before the magistrate shall have the right to demand a removal of the hearing to the next magistrate on the same ground as in cases within the jurisdiction of the magistrate and shall be granted two days, if requested, within which to prepare a showing for removal.

Therefore, the magistrates who issue warrants for offenses beyond their jurisdiction to try, sit as "examining Courts" and shall commit, discharge, or (except in capital cases) recognize persons charged before them with crime. The defendant is the moving party, and may either demand a preliminary hearing before the magistrate, who issues the warrant, or the defendant may demand a removal of the hearing to the next magistrate on the same ground as in cases triable before the magistrate, but the defendant must comply with the requirements of the statute, and file his own affidavit, in the manner set forth. Sec. 274 (19) and Sec. 946 of the Code of 1932. *City of Sumter v. Owens,* 181 S. C., 540, 188 S. E., 192.

If the affidavit is not sufficient the removal should be denied, but if sufficient must be granted in civil or criminal cases. *Browning Mfg. Company, Inc., v. W. E. Brunson, Jr. etc.,* S. C., 197 S. E., 311.

2. No affidavit was filed by the defendant, DeWitt Clemmons, for the removal of the preliminary hearing to the next magistrate and it was an error of law and an abuse of discretion on the magistrate's part to order the case transferred. But neither the State nor the defendant objected thereto and no appeal was taken, but both the prosecutor and the defendant appeared before the other magistrate at the time and place fixed by his notice. Had the testimony been adduced at the time set for the hearing been sufficient to make out a probable case, and had the second magistrate so held there could be no question but that the appellant would have been in the lawful custody of the Court, as held by this Court on the former appeal

herein. On the contrary the second magistrate discharged the appellant and thereby ended the case. He had jurisdiction under the Constitution and statute law of the subject-matter before him; and it was not beyond his jurisdicion to hold a preliminary hearing. His right to do so depended upon the removal of the hearing on affidavit to him by the appellant, and his decision was not void, but at most was only voidable.

3. If the prosecutor appeared at the hearing and participated therein, it would become a question of fact for the jury to decide whether or not the prosecutor in the criminal case, and who is now the defendant and respondent herein, thereby waived the right to say that the case was not legally ended in favor of the accused, who is now the plaintiff and appellant herein; and it would also be a question for the jury to decide whether or not the respondent herein thereby became estopped to deny that the criminal case was legally ended in favor of the accused. The prosecutor in the criminal case was of course a mere witness, but he also has a recognized status in Court, in the criminal case, by reason of his position as the prosecutor.

4. It is, therefore, error on the part of his Honor, Judge Rice, to direct a verdict in favor of the defendant and there was evidence to go to the jury on the issue of waiver and estoppel. The exceptions on these grounds must be sustained. The case, therefore, must go back for trial and it is not necessary to discuss the other issues. The defendant's additional grounds, urged to sustain the judgment, cannot be upheld, for the reason that this Court held on the former appeal that the allegations and testimony as to want of probable cause and as to malice present questions of fact for the jury to decide. The jury is the fact-finding tribunal under the law of this State on all issues of fact, where there is any sufficient evidence upon which a jury might draw a reasonable legitimate inference that such facts are true.

5. The case of *Whaley v. Lawton*, 57 S. C., 256, 35 S. E., 558, relied upon by the respondent, does not, in our opinion, conflict with the present decision herein. In that case a magistrate who undertook to grant a formal order to dismiss the criminal case and discharge the accused from the prosecution, was a ministerial magistrate and was not invested by law with authority to do anything of that kind or nature. The County of Charleston, under the special provisions for that county and under the scheme of the statute, had two classes of magistrates—one called ministerial magistrates. The statute in that case declares in express terms that the ministerial magistrate cannot hear and determine any case whatever, at any time or under any circumstances, with a certain exception that did not apply in that case. It was, therefore, not an irregularity but a nullity for the ministerial magistrate to undertake to dismiss the case and to discharge the accused. Also in that case it was held that no crime was charged in the warrant. That case also holds that the second and third causes of action failed to allege that the criminal prosecution was ended, but on the contrary, it alleged there that such prosecution was still pending. As to those two causes of action it was pointed out that the allegations that the prosecutor discontinued said case, and has not prosecuted said complaint, but has abandoned the same, amounts to nothing, for the prosecutor had no more control of the case than any other private citizen and had no authority whatever to discontinue the case.

In the present case the records show that the Court order was issued by Magistrate Harrelson that the case against the defendant, DeWitt Clemmons, be, and hereby is, dismissed. It is generally held that where a Court order is granted to dismiss the criminal case and to discharge the defendant, it at least is *prima facie* evidence that the criminal case was legally ended by the Court and the order thereof. It cannot be denied that Magistrate Harrelson had jurisdiction under the Constitution to hold pre-

liminary hearings in criminal cases, and when he undertook to dismiss the case his order was not an absolute nullity, as already pointed out. A new trial must, therefore, be granted for the reasons above stated. The judgment is, therefore, reversed and a new trial ordered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.

### ON PETITION FOR REHEARING

*Per curiam.*

The petition for a rehearing has been carefully considered and cannot be granted. No points have been overlooked or misapprehended by the Court. On the contrary the points set forth in the petition have all been considered and expressly decided against the respondent by this Court in the opinion filed.

Ordered that the petition for a rehearing be and hereby is refused.

The reasons for refusing the petition are:

Respondent now relies on the case of *Cromer v. Watson,* 59 S. C., 488, 38 S. E., 126. In respondent's original printed argument it is said by respondent that:

"The party must make the affidavit himself. *Cromer v. Watson,* 59 S. C., 488, 38 S. E., 126.

"In this last mentioned case the attorney made the affidavit and the Court held it had to be made by the party himself and that all proceedings before the magistrate to whom it was removed were utterly void because he had no jurisdiction."

In the case of *Cromer v. Watson,* 59 S. C., 488, 38 S. E., 126, it appears therein (page 127): "Defendant's attorney, on his own affidavit alone, moved for a change of venue, which [Magistrate Coleman] granted, and ordered the cause before Magistrate Buzhardt. Under protest of plaintiff, Magistrate Buzhardt tried the cause, and gave judgment for defendant. Thereupon an appeal was taken,

when Judge Gary ordered the trial before Judge Buzhardt set aside, and adjudged the affidavit of defendant's attorney insufficient, and also ordered the cause back to Magistrate Coleman for trial."

In that case the plaintiff did not sit idly by and participate in the trial, but protested, and appealed to the Circuit Court, who reversed the magistrate and ordered the judgment set aside. On appeal to the Supreme Court on this point by the defendant, this Court refused to sustain the exception that "[the Circuit Judge] erred in setting aside the judgment of Magistrate Buzhardt in the premises, and remanding the cause to Magistrate Coleman [for trial]."

This Court said, "we cannot sustain [this] exception, because the moment the Circuit Judge held that the venue had not properly been changed from Coleman to Buzhardt, the latter had not jurisdiction, and, when no jurisdiction was in Magistrate Buzhardt to hear and determine the action, his judgment without having jurisdiction was a nullity."

The respondent has not followed the law as laid down in the *Cromer v. Watson case,* and cannot complain. The respondent did not protest, but participated in the hearing before Magistrate Harrelson. No appeal was taken by the State, from the order of Magistrate Grantham for the removal of the preliminary. No Circuit Court has held that the venue had not been properly changed in the case of *State v. DeWitt Clemmons,* and the order for the change has not been reversed or set aside or assailed directly in that case in any way.

It is elementary that the judgment discharging the accused stands, if no appeal or objection was made thereto.

It is also elementary that if an appeal had been taken and sustained then "the moment the Circuit Judge held that the venue had not been properly changed from one magistrate to another the latter had no jurisdiction and his subsequent judgment was a nullity."

It is also elementary that in the absence of an appeal to the Circuit Court the judgment of the magistrate is valid and the Circuit Court without jurisdiction to set it aside.

Respondent overlooks the fact that the Circuit Court on appeal in due time reversed the magistrate and from that moment the proceeding before the magistrate became a nullity, because the Circuit Court held that he had no jurisdiction.

When a case properly arises the law of *Cromer v. Watson* will, of course, be followed, and it is unnecessary to so inform the attorneys.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.