15620

HARRISON v. LANCASTER

(28 S. C. (2d), 835)

July, 1943.

*Mr. C. Yates Brown* of Spartanburg, S. C., Counsel for Appellant,

*Messrs. Odom, Bostick & Taylor* of Spartanburg, S. C., Counsel for Respondent,

January 31, 1944.

CIRCUIT JUDGE E. C. DENNIS, ACTING ASSOCIATE JUSTICE, delivered the unanimous Opionion of the Court:

This action is brought by the respondent as an individual against the defendant as an individual but the matter involved is with reference to the appellent in his capacity as a Magistrate of Spartanburg County within the City of Spartanburg. The respondent was, on June 21, 1941, appointed by the Senator of Spartanburg County as Constable for the City of Spartanburg and duly qualified, although the Act of the General Assembly under which the Senator acted gave him the power to designate the constable it does not give him the right to appoint. The respondent entered upon the performance of his duties as constable and continued to perform the same until about October, 1942. After that date the appellant as Magistrate did not have the respondent serve any papers issued by appellant as Magistrate but appointed others to serve these papers. This action was brought to compel the appellant to account for and pay over to respondent all fees collected by him whether the service of the papers was made by respondent or some other special constable appointed by the appellant, the appellant having refused to pay to the respondent any fees except in those cases where respondent had served the papers.

The appellant demurred to the complaint and also answered. In each of these pleadings he contended that the law by which the constable was appointed by the Senator from Spartanburg County was unconstitutional in so far as it undertook to deprive appellant of his right to appoint special constables for the service of papers.

The matter came on for hearing before Hon. Arnold R. Merchant, Judge of the County Court of Spartanburg County. Judge Merchant overruled the contentions of the appellant and sustained the contention of the respondent. He held that the Senator from Spartanburg County had authority under the act hereinafter quoted to appoint respondent as Constable and he required the appellant as Magistrate to account for all fees collected by him for the service of papers by other constables and to pay over the same to the respond-

ent and further ordered the appellant from that time forward to deliver over to respondent such items of cost as shall be paid into his hand for the purposes outlined in the schedule in Act 644 of the Acts of 1942, p. 1572.

The first question raised by this appeal which will be considered now is whether or not the court erred in holding that the respondent had the exclusive right of serving all papers in civil cases issued by the appellant in his official capacity as Magistrate and whether or not the respondent is entitled to all fees collected by the appellant as Magistrate for the service of papers even though the respondent did not serve them.

On March 12, 1942, an act was passed by the General Assembly amending an Act of 1938 which contained this provision: "All papers shall be served by the Rural Policemen of Spartanburg County and all costs and mileage collected therefor, shall be remitted to the County Treasurer, by the various magistrates, monthly. The Senator of Spartanburg County shall be empowered to designate a Constable for the City of Spartanburg to serve all civil papers and his compensation shall be the constable's costs as outlined above and mileage." § 2.

Article 5, Section 20, of the State Constitution of 1895 provides for the appointment of magistrates throughout the State. Quoting from this section: "Each Magistrate shall have the power, under such regulations as may now or hereafter be provided by law, to appoint one or more Constables to execute writs and processes issued by him."

One of the contentions of the appellant is that the appoinment or designation of a constable by the Senator of Spartanburg County is unconstitutional in so far as it takes away from the Magistrate the right to appoint his constable and to give the constable appointed by the Senator the right to serve all papers issued by the Magistrate and collect the fees whether the Constable served the papers or not.

This contention was overruled by the Judge of the County Court and in his order he held that the respondent had

the exclusive right to these fees whether he served the papers or not and that the appellant had no authority to appoint spcial constables for the service of any papers issued by him and if he made such special appointment the fees collected had to be accounted for and paid over to the respondent.

In the case of *Cromer v. Watson,* 59 S. C., 488, 38 S. E., 126, one ground of appeal was that the Presiding Judge erred in holding that a process in the Magistrate's Court in claim and delivery action could not be served by any special constable, when the statute directs that such process can be served only by the regular constable of the magistrate. The court said we cannot sustain this exception because the Constitution of 1895, Article 5, Section 20, provides, "Each Magistrate shall have the power, under such regulations as may now or hereafter be provided by law, to appoint one or more Constables to execute writs and processes issued by him." The court further said in that case that since 1872 it has been lawful for a trial justice or magistrate to appoint a special constable.

Just why it was deemed abvisable to give the Senator from Spartanburg County the authority to designate a constable is not before the court. This has been the law for many years and this is the first time a question has been before this court.

The Judge of the County Court further held that the appellant had no authority and had no such interest in the matter as would entitle him to raise the constitutional question. The appellant is certainly interested when it is sought to take away from him his constitutional right. As an individual the appellant might not have such interest as would entitle him to raise the question, but this is an action which involves the rights of the appellant as Magistrate and not his right as an individual. It seems clear that when an act seeks to take away from a Magistrate his constitutional rights, then the Magistrate is the one who could raise the question of the constitutionality of the act.

Both of these exceptions are sustained. The judgment of the County Court is reversed and the action is dismissed.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.