BOOKER v. SMITH.

SAME v. SAME.

1. ATTACHMENT BONDS—NULLITY—ACTION.—An attachment bond signed by a surety only, and not by the plaintiff, is null and void, and no action will lie, under the statute, by the defendant in the attachment suit against such surety on this bond.

2. IBID.—ACTION AT COMMON LAW—DEMURRER.—Where a complaint on this attachment bond treats it as a statutory undertaking, and a demurrer is interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, the court cannot, under this demurrer, sustain the undertaking as a valid common law bond.

3. IBID.—CORRECTION—EQUITY.—This plaintiff having refused in the attachment suit to permit an offered amendment to the undertaking, and procured a dissolution of the attachment because of insufficiency in such undertaking, he cannot afterwards ask a Court of Equity to reform the defective instrument, and award him judgment thereon.

4. DEMURRER—WHEN TAKEN.—An oral demurrer, alleging insufficient facts in the complaint to constitute a cause of action, may be interposed after answer filed.

Before HUDSON, J., Abbeville, January, 1892.

In these two cases, Henry A. Meetze, Esq., sat in the stead of Mr. Justice McGowan, disqualified by relationship to defendant. Actions by Edward H. Booker against Augustus W. Smith, commenced in May, 1891, to recover on attachment bonds executed by defendant in the two cases of Wagener *v.* Booker and Watkins & Davenport *v.* Booker.

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Parker & McGowan,* contra.

January 16, 1893.  The opinion of the court was delivered by

MR. JUSTICE MEETZE.  These cases involve the same ques-
tions, and are precisely the same in every particular, except
that in one of them the name of Augustus W. Smith, the
respondent, has a seal after it, while in the other it has not.
They were, therefore, heard together.  In order that a proper
understanding may be had of the points decided, it is neces-
sary that one of the complaints should be set out in full:

Edward H. Booker, the plaintiff herein, by Graydon &
Graydon, his attorneys, complaining of Augustus W. Smith,
the defendant aforesaid, alleges:

I. That heretofore an action was commenced in this court
by F. W. Wagener and George A. Wagener, partners, doing
business under the firm name of F. W. Wagener & Co., for the
recovery of money against this plaintiff, wherein the said F.
W. Wagener & Co. made application to Thomas L. Moore,
Esq., clerk of this court, for a warrant of attachment against
the property of this plaintiff, whereupon the aforesaid defend-
ant then and there executed, and filed with said clerk, for the
benefit of this plaintiff, pursuant to the requirements of sec-
tion 251 of the Code of Procedure, a written undertaking, a
copy of which is hereunto annexed as a part of this complaint,
and marked exhibit A.

II. That, pursuant to said application and undertaking, the
said clerk issued a warrant of attachment, dated March 1,
1889, and directed to the sheriff of said County of Abbeville,
whereby the said sheriff was required to attach and safely
keep all the real and personal property of this plaintiff not
exempt by law from execution, or a sufficient amount thereof
to satisfy the demand of said F. W. Wagener & Co., in said
action, to wit, the sum of four hundred and fifty-nine 48-100
dollars, with interest thereon from January 10, 1889, together
with all costs and expenses.

III. That at the time of issuing said attachment, this plain-
tiff was engaged as a merchant in selling general merchandise
at retail in the town of Donalds, in said county.

IV. That the sheriff of said county, pursuant to said war-
rant of attachment, entered said store and attached the whole
stock of goods of this plaintiff, worth at cost price more than
two thousand dollars, and also attached other property, real
and personal, of plaintiff, to the value of about one thousand
dollars.

V. That said sheriff closed up the store of plaintiff, and
deprived him of the possession of said stock of goods for about
five months.

VI. That by said seizure by the said sheriff the business of
the said plaintiff was utterly broken up and destroyed, the
said goods became unmarketable, the plaintiff was put to much
trouble and expense in defending said proceeding, and this
plaintiff's credit was greatly injured, to his damage two hun-
dred and fifty dollars.

VII. That such proceedings were had in the special proceed-
ing aforesaid, that on the 20th day of July, 1889, the said
attachment was vacated and dissolved by order of the court.

VIII. That, before the commencement of this action, the
plaintiff duly demanded of said defendant the said sum of two
hundred and fifty dollars, which the said defendant, in and by
said undertaking, promised to pay to plaintiff, for costs and
damages in case said attachment should be set aside by order
of the court, but the said defendant has not paid the same, or
any part thereof.

IX. That, before the commencement of this action, the
plaintiff also demanded of said F. W. Wagener & Co. payment
of the said sum of two hundred and fifty dollars mentioned in
said undertaking, but they have not paid the same.

X. That, by inadvertence and mistake, the following words
were left out of said undertaking, to wit: in the second line
thereof, the words "I" and "am," in the seventh line thereof
the word "myself," and in the thirteenth line thereof the
word "are;" and in the thirteenth line thereof the words
"Thomas L. Moore" are erroneously inserted, instead of the
words "F. W. Wagener and George A. Wagener, partners,
doing business under the firm name of F. W. Wagener & Co.;"
but that said undertaking was intended by the defendant, and

was given by him and accepted by the said clerk, as an indemnity to the defendant therein, this plaintiff, against any costs and damages that he might suffer by reason of issuing and suing out said attachment, in case the same should be set aside; and that but for the giving of said undertaking by the said defendant, the said clerk would not have issued said warrant of attachment.

XI. That on the 15th day of March, 1889, the plaintiffs in said action and special proceeding made a motion before his honor, Judge Norton, at chambers, at Greenville, S. C., for leave to amend said undertaking, by inserting the names of the plaintiffs therein where it should appear, and, in support of said motion, the defendant herein made the following affidavit:

[Title of the cause.]

Personally came A. W. Smith, who, being duly shown, says that he is the surety on the undertaking in the above attachment suits. That he signed the same expecting and intending to be bound to the above defendant according to the conditions of the bond. That if said bonds are irregular, he consents to any correction whereby they may be made perfect. (Signed) Augustus W. Smith.

Sworn to before me this 14th March, 1889. (Signed) W. C. McGowan, (L. S.) N. P. S. C.

XII. That the condition of the said undertaking has been broken, and the said defendant is justly indebted to this plaintiff thereupon in the sum of two hundred and fifty dollars, the costs and damages sustained by this plaintiff by reason of the issuing of said attachment.

Wherefore, the plaintiff demands judgment against the defendant, that the said undertaking be reformed in accordance with the sworn consent of said defendant, by inserting therein the words omitted therefrom, as above set forth, and by striking out thereof the name, "Thomas L. Moore," and inserting therein, in lieu of said name, the names, "F. W. Wagener and George A. Wagener, partners, doing business under the firm name of F. W. Wagener & Co.;" and that when so reformed, the plaintiff herein have judgment thereon against the defendant for the sum of two hundred and fifty dollars, and for the

costs and disbursements of this action. (Signed) Graydon &
Graydon, plaintiff's attorneys.

The complaint is sworn to before Thomas L. Moore, C. C. C.
P., on the 11th May, 1891, by the plaintiff.

EXHIBIT A.

THE STATE OF SOUTH CAROLINA, } Office of the clerk of the
    County of Abbeville.     }    Court of Common Pleas.

Know all men by these presents, that in pursuance of the
acts of the general assembly of this State regulating attach-
ments, A. W. Smith        held and firmly bound unto E. H.
Booker in the full and just sum of two hundred and fifty dol-
lars, to be paid unto the said E. H. Booker, his certain attor-
neys, executors, administrators, or assigns. To which payment,
well and truly to be made and done, I bind        my heirs,
executors, and administrators, jointly and severally, firmly by
these presents.

Sealed with my seal and dated the 1st day of March, in the
year of our Lord one thousand eight hundred and eighty-nine,
and in the 13th year of American independence.

Whereas, Thomas L. Moore is about to issue and sue out of
the Court of Common Pleas, for the County of Abbeville afore-
said, a warrant of attachment, to attach all real estate of the
said E. H. Booker, and all his personal estate, including money
and bank notes, except such real and personal estate as are
exempt from attachment, levy, and sale by the Constitution.
And whereas, under and by virtue of the provisions of law in
relation thereto, it is directed and prescribed, that, before
issuing the warrant, the judge, trial justice, or clerk shall re-
quire a written undertaking on the part of the plaintiff, with
sufficient surety, to the effect, that if the defendant recover
judgment, or the attachment be set aside by order of the court,
the plaintiff will pay all costs that may be awarded to the
defendant, and all damages which he may sustain by reason of
the attachment, not exceeding the sum specified in the under-
taking, which shall be at least two hundred and fifty dollars.

Now, therefore, the condition of the above obligation is such,
that if the said defendant recover judgment in the said case, or
the attachment be set aside by order of the court, and the said

A. W. Smith shall pay, or cause to be paid, to the said E. H. Booker, his certain attorneys, executors, administrators, or assigns, all costs that may be awarded to the defendant, and all damages which he, the said defendant, may sustain by reason of the attachment about to be issued as aforesaid, then the above application to be void and of none effect, or else to remain in full force and virtue. (Signed) Aug. W. Smith.

Signed, sealed, and delivered in the presence of (Signed) W. C. McGowan.

THE STATE OF SOUTH CAROLINA, } *ss.*
    County of Abbeville.

One of the subscribers to the foregoing undertaking, being duly sworn, says that he is a resident and      holder within this State, and is worth the sum of two hundred and fifty dollars over all his debts and liabilities, and exclusive of property exempt by law from execution. (Signed) Aug. W. Smith.

Sworn to before me, this first day of March, 1889. (Signed) W. C. McGowan, [L. S.] N. P. S. C.

THE STATE OF SOUTH CAROLINA, } *ss.*
    County of Abbeville.

I certify that on this 1st day of March, A. D. 1889, before me personally appeared the above named A. W. Smith, known to me to be the individual described in, and who executed, the above undertaking, and severally acknowledged that they executed the same. (Signed) W. C. McGowan, N. P. S. C.

An answer was filed to the complaint and also sworn to, but for the purposes of this case it is not necessary that it should be set out.

After the pleadings were read an oral demurrer was interposed on the part of the defendant, *that the complaint did not state facts sufficient to constitute a cause of action,* and after argument Judge Hudson made the following order: "This was an action on an instrument of writing purporting to be an attachment bond in an attachment suit by F. W. Wagener & Co. against the plaintiff. After the reading of the complaint and answer, defendant interposed a demurrer, on the ground that the complaint did not contain a state of facts sufficient to constitute a cause of action, and moved to dismiss the complaint.

After hearing argument by counsel for and against the motion, I am of the opinion that the said instrument in writing, or bond sued upon, is fatally defective, and that it cannot be reformed as demanded by plaintiff, so as to give it validity and legal existence. It is, therefore, ordered and adjudged, that the demurrer be sustained, and the complaint dismissed with costs. (Signed) J. H. Hudson, presiding judge."

The plaintiff excepted to said order, and appeals to this court on the following grounds: "I. Because his honor erred in holding that the complaint does not state facts sufficient to constitute a cause of action. II. Because his honor erred in holding that the said undertaking is fatally defective, and cannot be reformed as demanded by plaintiff so as to give it validity and legal existence. III. Because his honor should have held that the undertaking is a valid and binding obligation of the defendant. IV. Because his honor should have held that the said undertaking is good at common law, without any amendment or reformation, the complaint having alleged, and the demurrer having admitted, that it was given by the defendant, and accepted by the clerk, to indemnify the plaintiff against any costs and damages that he might suffer by reason of the issuing of the attachment in the case of F. W. Wagener & Co. against the plaintiff. V. Because the defendant having read his answer and thereby pleaded to the merits, his honor had no right, at that stage of the case, to dismiss the complaint on demurrer. VI. Because the order and judgment are in all respects contrary to law and the case made by the complaint and demurrer."

In 1889, F. W. Wagener & Co., and Watkins & Davenport, being creditors of E. H. Booker, applied to the clerk of the court of Abbeville County for attachments against his property, offering as indemnity the undertakings which are the subjects of these suits. The clerk accepted the security and issued the attachments. On the 20th July, 1889, these attachments were dissolved and set aside by the court, and on May 12th, 1891, these actions were brought on said undertakings, praying judgment in each for two hundred and fifty dollars as damages and for costs and disbursements. In the discussion of these

cases we propose to follow the suggestions of the counsel for the appellant, that "all the grounds of appeal are included in the question, did the Circuit Judge err in his conclusions?" rather than discuss the grounds of appeal *seriatim*.

The main point involved in these cases is the character of these undertakings, and in stating our views thereupon we propose to be brief, for the law affecting them is so well settled that an extended opinion would only cumber the books to no purpose. In the case of *Bank* v. *Stelling*, 31 S. C., 360, among other questions involved was one of the validity of certain papers purporting to be attachment bonds, and in discussing this question, Mr. Justice McIver says: "It seems to us that the language used in that section (referring to section 251 of the Code) plainly implies that to comply with the condition precedent, three things are necessary: 1st. That the obligation or undertaking must be in writing. 2d. That it shall be on the part of the plaintiff. 3d. That it shall be with sufficient surety. And if either of these three things be lacking, then it cannot be said that the condition precedent has been complied with." In these cases it seems that the undertakings were all signed by strangers, in one case by one person, and in the others by two. And the requirements of the law not being complied with, the attachments were set aside. The cases at bar are precisely similar in two of the rules to which we have referred; they are not signed by the plaintiffs but are signed by a stranger. If we had to rely on this case alone, we would be bound to conclude that as attachment bonds they are nullities, and no suit could be maintained upon them as such. .

But our conclusions are not left to be determined alone by this case, for the very papers embraced in these suits were the subject of judicial investigation, and were passed upon by this court in the cases of *Wagener* v. *Booker*, and *Watkins* v. *Booker*, also reported in 31 S. C., 375. In these cases Mr. Chief Justice Simpson says: "The judge, clerk, or trial justice shall require a written undertaking on the part of *the plaintiff*, *with sufficient surety*, to the effect that if the defendant shall recover, &c. It is admitted that neither of these requirements was complied with." And he concludes: "The undertaking was

fatally defective, because it was not executed by the plaintiff with surety, as required by the act," &c.

It is urged, however, for the appellant, that if these bonds are *nullities* as attachment bonds, they are, nevertheless, common law bonds, and these actions should be sustained upon them as such. This view was urged with much force by the appellant's counsel, and many authorities cited to sustain the position that they were common law bonds. On the point thus made, the court does not feel called upon to express an opinion; in fact, it would be improper to do so in the presentation of these cases. We are to determine the effect of the oral demurrer interposed, that the complaint does not state facts sufficient to constitute a cause of action, and, in determining that question, we are confined strictly to the face of the complaint. A close examination will disclose the fact that no where in them can be found an allegation that these are common law bonds, and demanding relief for a breach of them as such.

The last ground urged is that equity and good conscience requires that the defendant shall perform this contract. There can be no question as to the very extended powers of the Court of Equity. In almost numberless cases that court affords relief when it could not be obtained under the strict rules of the common law. But the rules which govern Courts of Equity are as plainly marked out and as well understood as those which govern courts of law. Two of its leading maxims are, "He who seeks equity must do equity," and "He who comes into a Court of Equity must come with clean hands." Now, what are the facts in these cases on which equitable relief is demanded? Some of them have already been stated, but it is necessary here to repeat them. On the 1st day of March, 1889, Watkins & Davenport, and F. W. Wagener & Co., being creditors of E. H. Booker, the appellant here, sued out their attachments in Abbeville County against him, and the bonds to the clerk, as set forth in these pleadings, were given. The appellant here, who was the defendant there, being advised that the proceedings were irregular, one of the irregularities being that the bonds were

not as the statute required, gave notice, under rule 69 of the Circuit Court, of a motion before Judge Norton, at chambers, at Greenville, on the 15th March, 1889, to have said attachments set aside and dissolved, on various grounds, one of the principal being the one hereinbefore stated. At the same time and place the respondent here, on one day's notice, moved his honor, Judge Norton, for leave to amend said undertakings so as to have them perfected as the law requires, and his proposal is contained in his affidavit and fully set out in paragraph XI. of the complaint. Judge Norton made an order refusing to set aside the attachments and for leave to amend, as proposed by this respondent. From this order the appellant here appealed to this court, and by its judgment, rendered on the 20th July, 1889, the order of Judge Norton was reversed, and the attachments were dissolved and set aside, as we have stated *supra.* And it was stated in the argument in these cases before us, and not denied, that the appellant entered up his judgment for costs and disbursements, which were paid.

It seems to us that the conduct of the parties might be interpreted into language like this: On the 15th March, 1889, the respondent said to the appellant: "I have been advised that the bonds are informal—that they are not such as the statute requires; but I do not want you injured in any way, and to show you that I want you fully protected, I am ready and willing to put the bonds in proper shape, so as to secure you against any loss you may sustain, and, as an earnest thereof, I give you my solemn oath, which is contained in this paper." To this appellant replies: "I do not want the bonds amended. I know they are informal and will be set aside. I have the advantage of you, and I intend to use it for all it is worth." And the sequel shows that he did carry out his purpose, and obtained all the law would give him by the proceedings. Now, we do not desire to be understood as condemning the appellant for taking such advantage as the law gave him. That was his right. But we are of opinion that, after having used that advantage to the detriment of the respondent, and that, too, in the face of the tender made by him, it is too late

now to appeal to the conscience of the court to place him in a position which he refused, and which would enable him a second time to make the respondent answerable to his demands. We think it would be unjust, inequitable, and unconscionable so to do.

The appellant can take nothing by his fifth ground of 4    appeal. The point is settled against him in *Hull* v. *Young*, 29 S. C., 69.

It is, therefore, ordered and adjudged, that the judgments of the Circuit Court in each of these cases be affirmed and the appeals dismissed.