## POLITE v. BERO.

CLAIM AND DELIVERY—SURETY.—THE UNDERTAKING given by a defendant to the sheriff in a claim and delivery suit in order that he may retain the possession of the property, need not be signed by the defendant, but only by two or more sufficient sureties. *Bank* v. *Stelling,* 31 S. C., 369; *Wagner* v. *Booker,* 31 S. C., 375, and *Booker* v. *Smith,* 38 S. C., 235, *distinguished from this.*

Before WATTS, J., Beaufort, September, 1900. Affirmed.

Action by Diana Polite *et al.* against C. Bero and Chas. Chin Sang. From judgment for plaintiff, defendants appeal.

*Mr. Wm. Elliott, jr.,* for appellants, cites: *Surety is favorite of the law:* 17 S. C., 1; 22 S. C., 288. *Provisions in other States:* 43 Vt., 45; 28 Me., 241; 48 Mich., 616; 7 Dana, 333. *Replevin bonds are strictly construed:* 13 R. I., 146, 626; 31 S. C., 269, 375; 38 S. C., 235; Wells on Rep., sec. 382; 4 Bush., 303. *If improper undertaking is given,*

14—63

*property is presumed in hands of sheriff:* Code, 233; 90 N. Y., 481.  *Generally:* 31 S. C., 369; 54 Miss., 733; 9 Ency., 648; 17 Mass., 603; 2 Pick., 24.

Mr. *Thos. Talbird,* contra, cites: *Defendant's undertaking need only be signed by sureties:* Code, 232.

March 27, 1902.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.  The sole question made by this appeal is whether an undertaking executed by two sureties, under sec. 232 of the Code of Procedure, in proceedings for claim and delivery of personal property, is fatally defective because not signed by the parties for whom the two sureties became bound for the delivery of the personal property seized to the plaintiffs herein if such delivery be adjudged, and for the payment to them of such sum as may, for any cause, be recovered against the defendants in this action. The question turns upon the provisions of sec. 232 of the Code, which reads as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant."  This section contains no language requiring that the undertaking shall be "executed by" any other persons than the two or more sufficient sureties required, and furthermore provides that *"they"* (that is, the two or more sureties,) are bound in double the value of the property for the delivery thereto to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant.  The case of *Bank* v. *Stelling,* 31 S. C., 369, followed

by case of *Wagner* v. *Booker*, 31 S. C., 375, and *Booker* v. *Smith*, 38 S. C., 235, are relied upon by the appellants to sustain a contrary view. But those cases are not applicable here, for in those cases the Court was construing a totally different section of the Code, couched in very different language, and relating to an entirely different subject. Then the section under consideration was sec. 251 of the Code, relating to the subject of attachment, which reads as follows: "Before issuing the warrant, the judge, clerk or trial justice shall require a written undertaking on the part of the plaintiff, with sufficient surety, to the effect that if the defendant recovers judgment, or the attachment be set aside by order of the Court, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking," &c. From this language this Court was unable to perceive how any other conclusion than that reached in the above mentioned cases could have been reached. For under sec. 251, the officer to whom application for a warrant of attachment was made, was expressly forbidden to issue such warrant until after the required written undertaking *"on the part of the plaintiff, with sufficient surety,"* had been given; and as this requirement could not be complied with unless the plaintiff executed the undertaking *with* sufficient security, it was necessarily held that an undertaking not executed by the plaintiff was not in compliance with the statute, and, therefore, furnished no authority for the issuing of the warrant of attachment. But under sec. 232, there is no requirement that the undertaking shall be executed by the defendant or on the part of the defendant, the only requirement being that the defendant shall give "to the sheriff a written undertaking, executed by two or more sufficient sureties." It will be observed that the requirement is that the defendant shall give (meaning deliver) *not his,* but *a* written undertaking, and further, that such undertaking is to be executed—*not* by the defendant—but by the two sureties, whereby *they,*

that is, the two sureties, become bound for the delivery of the property sued for to the plaintiff, if such delivery be adjudged, and also for the payment to the plaintiff of such sum as may, for any cause, be recovered against the defendant. Why this difference, it is asked, between these two provisions—one in sec. 232, relating to the undertaking required in an action for claim and delivery of personal property, if the defendant shall desire to retain possession of the property pending the suit, and the other in sec. 251, relating to the undertaking which the plaintiff is required to give before obtaining a warrant of attachment. A sufficient answer would be that given by that distinguished Judge, the late Chief Justice O'Neall, in a somewhat similar case—*Ita lex scripta est.* But if we are allowed to reason about it, we should arrive at the same conclusion. The very fact that the legislature used different language to express its intention in these two sections, affords a strong indication that it did not mean to express the same intention in these two sections. But, again, it will be noticed that the provision in sec. 232, of the Code, which this Court is now called upon to construe, relates to the undertaking which the *defendant* is required to give, if he desires to retain possession of the property sued for pending the suit; and as such undertaking only becomes effective after judgment against defendant for delivery of the property to the plaintiff, or for the payment of the sum of money which, for any cause, may be recovered against him, it would seem a useless work of supererogation for the *defendant* to give an undertaking to do that which the Court has adjudged he shall do; though there might be, and usually is, very good reason for an undertaking binding others, as sureties, for the delivery of the property to the plaintiff by the defendant, in case such delivery shall be adjudged, and for the payment to the plaintiff of such sum of money as may, for any cause, be recovered against the defendant. On the other hand, sec. 251 of the Code, which the Court construed in the cases above referred to, relates to the undertaking which the *plaintiff* is required

to give before he can obtain a warrant of attachment in aid of an action then brought; and as the only judgment which could be rendered in such an action *against the plaintiff* would be for the costs of such action, there was every propriety in requiring the plaintiff to enter into an undertaking, with good and sufficient security, to indemnify the defendant against any damage which he might sustain by reason of any illegality in obtaining so stringent a remedy as that by attachment, as well as the costs of the action to which it was an incident. It is also noticeable that in the provisions of the same chapter, relating to claim and delivery of personal property, whereby the *plaintiff* may obtain possession of the property sued for, it is not only implied that the *plaintiff* must execute the required undertaking, but in sec. 230 it is expressly declared that: "In case the plaintiff does not execute the required undertaking, the party having possession of the property shall retain the same until the determination of the suit." While, therefore, a *plaintiff* who brings an action for claim and delivery of personal property, and desires to take possession of the property sued for, must execute an undertaking with good and sufficient sureties, as required by sec. 230 of the Code, yet a *defendant,* when sued for personal property in his possession, may retain such possession by delivering to the sheriff a written undertaking, executed by two or more sufficient sureties, as prescribed by sec. 232 of the Code, which written undertaking need not be executed by the defendant himself. As the undertaking sued on in this case is in substance that required by the statute, we agree with the Circuit Judge that it was sufficient.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.