13000

GUGLIERI *ET AL.,* v. ROMAN TILE & MARBLE CO.

(155 S. E., 406)

366 

April, 1930.

*Mr. R. G. Stone,* for appellants,

*Messrs. Blythe & Bonham,* for respondent,

October 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Ansel, of the County Court of Greenville County, dismissing a rule issued by him at the instance of the plaintiffs, requiring the Sheriff of Greenville County to show cause why he should not deliver to them a certain machine seized by him in claim and delivery proceedings instituted by the plaintiffs.

The action was commenced on January 31, 1930. The plaintiffs, desiring the immediate delivery of the property, executed the affidavit it required by Section 470 of the Code of Civ. Proc. 1922, and indorsed in writing upon the affidavit, the requisition provided for in Section 471, directed to the sheriff, that he take the property for the defendant and deliver it to them.

Accompanied therewith, the plaintiffs filed with the sheriff the written undertaking required by Section 472, but it appears that the undertaking was not formally approved by the sheriff, as therein required.

Copies of the summons, complaint, affidavit, undertaking, and notice were served upon the defendant on the following day, February 1, 1930.

The sheriff took possession of the property, and as required by Section 472, retained it in his custody.

On February 3rd, the defendant, endeavoring to comply with Section 474, providing for a re-delivery of the property to the defendant, filed with the sheriff an under-

taking in the form therein provided for, but executed by only one surety, instead of two sureties, as therein required.

Later, on February 18th, the defendant procured the signature of a second surety to said undertaking which undertaking was then approved by sheriff, the property in the meanwhile remaining in the custody of the sheriff.

The plaintiffs then made demand upon the sheriff for a delivery of the property to them, upon the ground of the insufficiency of the undertaking filed by the defendant, the undertaking being executed by only one surety, and the subsequent execution by a second surety not being a compliance with the statute. The sheriff refused the demand of the plaintiffs.

On March 7th, the plaintiffs obtained from his Honor, Judge Ansel, a rule directed to the sheriff requiring him to show cause why he should not deliver the property described in the complaint to the plaintiffs, upon the ground that the defendant had failed to comply with Section 474. The rule was made returnable on March 14th, and at that time his Honor signed a decree dismissing the rule for the reasons stated therein, and from it the plaintiffs have appealed.

The defendant insists upon an affirmance of the decree upon the following grounds:

1. That the decree is not appealable.

2. That the undertaking of the plaintiffs was not approved by the sheriff.

3. That the defendant had the right to file a re-delivery bond at any time before the property was delivered by the sheriff to the plaintiffs.

1. Under the statute, the plaintiffs had the right, upon complying with its terms, to demand a delivery of the property to them. This was a substantial right; the plaintiffs, assuming for the moment that they were entitled to the possession and that it would be so adjudicated,

naturally would be interested in the preservation of the property and in its use pending the litigation. The right was a legal one, confirmed by the statute, and plainly was a substantial right, which, if the decree was wrong, would be denied to them. This ground cannot therefore be sustained.

2. This issue seems to be settled by the case of *Cromer v. Watson*, 59 S. C., 488, 38 S. E., 126, 128, where the Court says: "We cannot sustain the second exception, because when the magistrate took the undertaking, and with his own hands sent it out of his office into the hands of an officer appointed by him, it was sufficient evidence of an approval by him. The appellant himself, in the 'case' for appeal, says the papers were all regular, except the indorsement was not actually made in the affidavit, and that it did not appear affirmatively that the magistrate had approved the same. Under the statute a defendant is allowed time in which to except to the sufficiency of the undertaking, and if he fails to do so 'all objection thereto shall be waived.' "

3. Section 474 apparently permits the defendant "at any time before the delivery of the property," to require a return thereof (that is, from the sheriff), by filing the required undertaking; it would be so held if it were not for the closing proviso: "If the return of the property be not so required within three days after the taking and service of notice to the defendant, it shall be delivered to the plaintiff. * * *"

Construing the section as a whole, the closing paragraph must be held to have limited the more enlarged right previously conferred.

It appearing beyond controversy that the defendant did not comply with the terms of the statute which would entitle him to a return of the property, it was the plain duty of the sheriff to accord to the plaintiff the right of possession conferred upon him.

The judgment of this Court is that the decree be reversed, and that the case be remanded to the County Court, with direction to issue an order requiring the sheriff to deliver the property in dispute to the plaintiffs to be held by them pending the final determination of the action, subject to the terms of the undertaking executed by them.

MESSRS. JUSTICES BLEASE, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE SMITH concur.