14543

MARSHALL BROS. FURNITURE COMPANY, INC., v. DRAWDY

(193 S. E., 49)

February, 1937.

*Messrs. W. M. Wilson* and *Spencer & Spencer,* for appellant, cite:

*Messrs. Hemphill & Hemphill* and *J. Means McFadden,* for respondent, cite:

October 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On August 15, 1936, appellant presented to the magistrate in Great Falls, S. C., in Chester County, an affidavit

and what purported to be an undertaking, as a result of which the magistrate issued a summons to respondent and a direction to his constable to take the property described in the affidavit. As a consequence thereof, the personal property described in the affidavit was taken possession of by appellant on said 15th day of August, 1936; the appearance date, as provided in the summons, was August 27, 1936. On said appearance date, respondent appeared specially by her attorney, to move that the proceedings be dismissed on the following grounds, to wit: (1) That no legal and valid bond, as required by the laws of South Carolina, had been furnished; (2) that no valid summons or other process had been served upon defendant; and (3) that the Court was without jurisdiction. Upon the magistrate's holding that the purported bond or undertaking was invalid because it was not signed by the principal, the plaintiff in the proceeding, attorney for appellant then moved that the principal, the plaintiff, be allowed to sign the undertaking then and there, in open Court, and that the hearing or trial proceed; appellant's attorney stating that the principal in the person of the president thereof was present in Court. The magistrate refused to allow the amendment, as requested, and to allow the trial to proceed as if such motion or request had been granted.

In due course appellant appealed from the ruling and judgment of the magistrate to the Court of Common Pleas upon the various grounds set forth. The appeal was heard before his Honor, A. L. Gaston at Chester, S. C., on the 20th day of February, 1937. After a full hearing, his Honor A. L. Gaston passed an order on February 20, 1937, confirming the decision of the magistrate and dismissed the appeal. An appeal from the order of Judge Gaston brings the case to this Court.

The form of the undertaking given in this case is not attacked. It was signed by a surety in the presence of two witnesses, but was not executed or signed by

the plaintiff. Upon the delivery of this undertaking to the magistrate, he directed his constable to take the property described in the affidavit. This amounted to an approval of the surety by the magistrate. See *Cromer v. Watson,* 59 S. C., 488, 494, 495, 38 S. E., 126; *Guglieri et al. v. Roman Tile & Marble Co.,* 158 S. C., 365, 370, 155 S. E., 406.

Under our view of the case, it is unnecessary to pass upon but one question, to wit: Does Section 257, subdivision 12, of the Code of 1932, require that the undertaking referred to therein be executed by a plaintiff in a claim and delivery proceeding?

So much of subdivision 12 of said section, as is pertinent to the above question, is set out below: "On receipt of such affidavit, and an undertaking, in writing, *executed by one or more sufficient sureties,* to be approved by the magistrate before whom such action is commenced, to the effect that they are bound in double the value of such property as stated in said affidavit, for the prosecution of the said action, and for the return of said property to the defendant, if return thereof be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against said plaintiff, the magistrate shall endorse upon said affidavit a direction to any constable of the county in which said magistrate shall reside, requiring said constable to take the property described therein from the defendant, and keep the same, to be disposed of according to law." (Italics added.)

It does not appear that this specific question has ever been before this Court, and for this reason cases construing statutes resembling in many respects the one under consideration are cited and discussed by appellant and respondent.

It is held in the case of *Commercial Bank v. Stelling,* 31 S. C., 360, 9 S. E., 1028; *Wagener v. Booker,* 31 S. C., 375, 9 S. E., 1055, and *Booker v. Smith,* 38 S. C., 228, 16 S. E., 774, that the plaintiff, the principal in the case, must sign the undertaking required, with sufficient surety, where an

attachment is ordered under the provisions of what now constitutes Section 530 of the Code, then Section 251, Code of Procedure, but that statute is couched in very different language from the one now under discussion, and the pertinent portion reading as follows: "Before issuing the warrant, the Judge, clerk or magistrate shall require a written undertaking, *on the part of the plaintiff,* with sufficient surety." (Italics added.)

In view of the great difference in the wording of the attachment statute ·and the one under consideration, we cannot say that the above cases, construing Section 530, then 251, have any weight, or can be considered authority for the position of respondent. Indeed, under the wording of Section 530 (then 251), the Court could not have held other than that it required a plaintiff to sign or execute the undertaking which was a prerequisite to the issuance of a warrant of attachment.

Both appellant and respondent cite and rely upon the case of *Polite v. Bero,* 63 S. C., 209, 41 S. E., 305, 306, but we are unable to perceive how respondent can derive any comfort from this case when carefully analyzed.

The sole question before the Court in that case was whether an undertaking executed by two sureties, under Section 232 of the Code of Procedure (now Section 558 of the Code), in proceedings for claim and delivery of personal property, was fatally defective because not signed by the defendant (the principal). Said Section 232, now Section 558, reads in part as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, * * * require the return thereof, upon giving to the sheriff a written undertaking, *executed by two or more sufficient sureties.*" (Italics added.)

After referring to the cases of *Commercial Bank v. Stelling, supra, Wagener v. Booker, supra,* and *Booker v. Smith, supra,* and holding that they had no applicability, one of the reasons given being that the statute construed in those

cases was couched in such different language to the one then under consideration (Section 232, Code of Procedure, now Section 558, Code of 1932), Mr. Chief Justice McIver, writing the opinion of the Court, stated: "* * * But under Section 232, there is no requirement that the undertaking shall be executed by the defendant, or on the part of the defendant; the only requirement being that the defendant shall give 'to the sheriff a written undertaking, executed by two or more sufficient sureties.' It will be observed that the requirement is that the defendant shall give (meaning deliver) *not his,* but *a* written, undertaking; and, further, that such undertaking is to be executed *not* by the defendant but by the two sureties, whereby they—that is, the two sureties,—become bound for the delivery of the property sued for to the plaintiff, if such delivery be adjudged, and also for the payment to the plaintiff of such sum as may, for any cause, be recovered against the defendant."

The then Chief Justice, following the above pronouncement of the requisites of a defendant's bond under Section 232 (now 558), proceeded to explain the reason which probably prompted the Legislature to word differently the Section 230 (now 555) relating entirely to the undertaking to be given by a plaintiff in actions in claim and delivery brought in the Court of Common Pleas, and concluded his opinion with the statement following, which statement is quoted in brief of respondent: "While, therefore, a *plaintiff* who brings an action for claim and delivery of personal property, and desires to take possession of the property sued for, must execute an undertaking with good and sufficient sureties, as required by Section 230 of the Code, yet a *defendant,* when sued for personal property in his possession, may retain such possession by delivering to the sheriff a written undertaking, executed by two or more sufficient sureties, as prescribed by Section 232 of the Code, which written undertaking need not be executed by the defendant himself."

The statute regulating or containing the conditions upon which a plaintiff in the Court of Common Pleas could require the taking of the property was no doubt referred to in the opinion in order to point out clearly that the Legislature intended in one instance to require the principal to actually execute the undertaking, and, in the other, to require only the sureties to execute or sign it; and, just prior to the concluding sentence of the opinion above quoted, the opinion calls attention to the last sentence of the statute governing undertakings by plaintiffs in the Court of Common Pleas, reading as follows: "In case the *plaintiff does not execute* the required undertaking, the party having possession of the property shall retain the same until the determination of the suit." (Italics added.) Code 1932, § 555.

The wording of the statute under discussion, with reference to the execution of the undertaking, in part, is identical with the statute governing the execution of undertakings by plaintiffs in the Court of Common Pleas, but does not contain the sentence just above quoted.

We can well paraphrase the opinion in the *Polite v. Bero case.* There is no requirement that the undertaking to be given by a plaintiff in a claim and delivery proceeding in a magistrate's Court, under Section 257, subdivision 12, shall be executed by the plaintiff, the only requirement being that "an undertaking, in writing executed by one or more sufficient sureties" to be approved by the magistrate, shall be delivered to the magistrate before he directs the constable to take possession of the property sought. It will be observed that the requirement is that on receipt of "an undertaking, in writing, executed by one or more sufficient sureties," *not* by the plaintiff—but by one or more sureties—to the effect that *they,* that is, the surety or sureties, are bound.

With why the Legislature should have made the difference in the statutes relative to the undertaking to be given

by plaintiffs in a Court of magistrate and the Court of Common Pleas we are not concerned. But it is explainable, for that it has always been the intendment of the Legislature to simplify proceedings and pleadings as much as possible in magistrates' Courts.

Of course, the *Polite v. Bero case* is not absolute binding authority for the construction we have placed on the statute in question, since that case had under discussion another statute, but we consider it so analogous as to be practically conclusive.

The order appealed from is reversed.

Messrs. Justices Bonham and Fishburne concur.

Mr. Chief Justice Stabler concurs in result.

Mr. Justice Carter did not participate on account of illness.